UNITED STATES DISTRICT COURT FOR

SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No:



GARFIELD BAKER and
BYRON SMITH

**14-22403-CIV-LENARD/GOODMAN**

        Plaintiffs,

        v.

WARNER/CHAPPELL MUSIC, INC., a Delaware
Delaware Corporation, ATLANTIC RECORDING
CORPORATION,   a Delaware Corporation,
ARTIST PUBLISHING GROUP, L.L.C., a
Delaware Limited Liability Corporation,
KAREN STETSON, 321 MUSIC L.L.C., a Florida
Limited Liabilty Corporation, COUNTDOWN MUSIC
a London Corporation, TONY BUTLER,
PANDISC MUSIC CORPORATION a Florida
Corporation, WHOOPING CRANE MUSIC, INC.,
a Florida Corporation, and ROBERT CRANE,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Garfield Baker ("Baker") and Byron Smith ("Smith"), (collectively,

"Plaintiffs"), and as  for their complaint against Defendants, Warner/Chappell Music Inc., ("Warner"), Atlantic Recording Corp., Artist Publishing Group, L.L.C., (collectively, "Warner Defendants"), Karen Stetson ("Stetson"), 321 Music L.L.C., Countdown Music Inc., Tony Butler ("Butler") (collectively "321 Defendants") , Pandisc Music Corp., Whooping Crane Music, Inc. collectively, ("Pandisc Defendants") allege as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement by Plaintiffs, the owners of eleven popular music compositions (hereinafter the "Musical Works") found in ¶7 of Exhibit A which have been exploited, performed and broadcasted by radio, internet and television, millions of times  over twenty-eight years in the Southern District of Florida, the United States and worldwide.

2.      Warner/Chappell Music, Atlantic Recording Corporation and Artist Publishing Group (collectively as "Warner Defendants") are a consortium of multi-million dollar companies engaged in lucrative business of producing and obtaining ownership of copyrighted musical works and seek to creatively license and authorize the use of those works in order to maximize revenues for their respective companies.

3.      On or about July 2008, Warner Defendants entered into a lucrative publishing administration agreement with 321 Defendants, in which Butler and 321 Defendants falsely represented themselves to be the sole owner of the Musical Works co-owned by Plaintiffs. Warner Defendants failed to conduct adequate due diligence and failed to investigate the

2

ownership of the copyrights. Warner Defendants subsequently acknowledged without dispute Plaintiffs' co-ownership of copyrights in a federal complaint Case No. 09-20505-CIV-MORENO/TORRES

4.      At all material times herein, Warner Defendants administered copyrights for certain musical compositions which are co-owned by Plaintiffs, including but not limited to, "Don't Stop the Rock" and exploited such copyrights through various licenses for the use of the compositions in audio and video recordings and public performances, among other things, including those broadcast on radio, telecast on television, and captured in recordings sold at retail outlets, within the Southern District of Florida, in the United States, and throughout the whole world. Warner Defendants has disbursed and continue to disburse payments of royalties which were being held and collected by Warner Defendants that rightfully belong to Plaintiffs to the exclusion of Plaintiffs without Plaintiffs' authorization or consent.

5.      Karen Stetson is an attorney and shareholder of Gray Robinson P.A. and acted as legal counsel for Warner Defendants and executed a Mediation Settlement Agreement (herein after referred to as "MSA") dated July 23, 2009 on their behalf, pertaining to the Musical Works co-owned by Plaintiffs. The MSA was executed as resolution to a federal copyright complaint Case No. 09-20505-CIV-MORENO/TORRES.

6.      Unlike traditional attorneys specializing in intellectual property and copyright law who recognize their ethical obligation to uphold the sanctity of ownership and the transfer of such rights, upon information and belief Stetson engaged in willful copyright infringement and intentional tortious conduct by colluding on behalf of Warner Defendants

with 321 Defendants and Pandisc Defendants to unilaterally amend said MSA and to transfer the administration of publishing for songs co-owned by Plaintiffs to Pandisc Defendants. Further, Stetson with and on behalf of Warner Defendants disbursed and continue to disburse payments of royalties which were being held and collected by Warner Defendants that rightfully belong to Plaintiffs without Plaintiffs' authorization or consent.

7.      321 Music L.L.C. (also known as 321 Entertainment Inc.) and Countdown Music Inc. are companies primarily owned and operated by Butler (collectively as "321 Defendants") are co-authors of the eleven Musical Works, who engage in lucrative business by producing and obtaining ownership of copyrighted musical works and seek to creatively license and authorize the use of those works in order to maximize revenues as a songwriter and publisher for their respective interest.

8.      Unlike legitimate publishers who recognize the need to respect copyright ownership and the transfer of such, 321 Defendants and its founder Butler, on or about July 2007 re-registered copyrights of musical compositions including but not limited to "Don't Stop the Rock" which were co-written by Plaintiffs and originally copyrighted between 1985 and 1987. Upon information and belief, Butler through improper or invalid agreements or other means, purportedly transferred the rights to "Don't Stop the Rock" as well as other Musical Works to 321, despite the songs being co-written and registered with Plaintiffs over twenty-five years ago. 321 Defendants then entered into a lucrative publishing administration agreement with Warner Defendants, July 2008. Plaintiffs' copyright ownership was subsequently  acknowledge without dispute by 321 Defendants in a federal complaint Case No. 09-20505-CIV-MORENO/TORRES. 321 Defendants engaged in

willful copyright infringement and intentional tortious conduct by colluding with Warner Defendants, Stetson and Pandisc Defendants to unilaterally amend said MSA and to transfer the administration of publishing for songs co-owned by Plaintiffs to Pandisc Defendants. Further, 321 Defendants collected and continue to collect royalties held and disbursed by Warner Defendants which rightfully belong to Plaintiffs without the authorization or consent of Plaintiffs.

9.      Pandisc Music Corp. is a company primarily owned and operated by Robert Crane who engage in lucrative business by owning, producing, selling sound recordings and musical compositions to the public.

10.     Whooping Crane Music Inc. is a publishing company primarily owned and operated by Robert Crane. Whooping Crane Music Inc. engages in a lucrative business by obtaining ownership of copyrighted musical works and seek to administrate musical compositions that it purchases and licenses and authorize the use of those work in order to maximize revenues for their respective interest.

11.     At all material times herein, Pandisc Defendants administered copyrights for certain musical compositions which are co-owned by Plaintiffs, including but not limited to, "They're Playing Our Song" and "Stay in Love with Me" and exploited such copyrights through various licenses for the use of the compositions in audio and video recordings and public performances, among other things, including those broadcast on radio, telecast on television, and captured in recordings sold at retail outlets, within the Southern District of Florida, in the United States, and throughout the whole world. Upon information and belief, Crane through improper or invalid agreements or other means, purportedly transferred the

rights of musical works to Whooping Crane with the United States Copyright Office, despite the Musical Works being co-written by Plaintiffs and registered in favor of Plaintiffs by Jonathan Black acting as filing agent over twenty-five years ago. Plaintiffs' copyright ownership was subsequently acknowledge without dispute by Pandisc Defendants in a federal complaint Case No. 09-20505-CIV-MORENO/TORRES.

12.     Unlike other traditional (lawfully operated) media and publishing companies to which it patterns itself, Pandisc Defendants and its founder Crane have willfully ignored their obligation to pay royalties to license and exploit the musical content disseminated through its various outlets including musical compositions co-owned by Plaintiffs. Pandisc Defendants engaged in willful copyright infringement and intentional tortious conduct by colluding with 321 Defendants, Stetson and Warner Defendants to unilaterally amend said MSA and to transfer the administration for publishing of songs co-owned by Plaintiffs to Pandisc Defendants. Further, Pandisc Defendants collected and continue to collect royalties held and disbursed by Warner Defendants which rightfully belong to Plaintiffs without the authorization or consent of Plaintiffs. Pandisc Defendants have also collected and continues to collect and distribute royalties from the administration of publishing for songs which are co-owned by Plaintiffs, to the exclusion of Plaintiffs without Plaintiffs' authorization or consent.

13.     Defendants infringement and intentional tortious conduct has harmed and continues to harm the interests of Plaintiffs. Accordingly, by this action Plaintiffs seek permanent injunctive relief, as well as the maximum statutory damages for Defendants' past and present infringement or actual damages plus Defendants' ill-gotten profits.

## Jurisdiction and Venue

14.    The amount in controversy in this action exceeds $75,000, exclusive of interest attorney's fees and costs.

15.    This action is brought, and has federal question jurisdiction in this matter in that Plaintiffs seek damages and injunctive relief for copyright infringement against Defendants named herein under Section 501 through 505 of the Copyright Act  17 U.S.C. § 101 *et seq.*

16.    This  action has subject matter jurisdiction over all claims that lies within this Court pursuant to 28 U.S.C. § 1331 and 1338.

17.     This Court has personal jurisdiction over Defendants because, among other things, Defendants do systematic and continuous business in Florida and/or have performed acts directed at and causing harm in Florida which give rise to this Complaint. Accordingly, this Court has personal jurisdiction over Warner Defendants pursuant to Fla. Stat. §48 193(1). Additionally, this Court has personal jurisdiction over Warner Defendants pursuant to Fla. Stat. §48 193(2) because Warner Defendants engaged in substantial and not isolated activity within the State of Florida.

18.    The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in that this independent civil action arises from the same common nucleus of operative fact which the Court had original jurisdiction in the complaint Case No. 09-20505-CIV-MORENO. These claims are so related to claims in the action of said original jurisdiction that they form part of the same controversy in accordance with Article III

7

of the United States Constitution.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c. The copyrights that were infringed upon are co-owned by Plaintiffs, Florida residents. Each of the Defendants, entered into agreements in the Southern District of Florida which improperly infringe upon the copyrights of Plaintiffs.

## THE PARTIES

20.     Plaintiff, Garfield Baker is an individual residing in Ft Lauderdale, Florida. Baker is one of the original authors of eleven popular music compositions and has been a BMI affiliated songwriter and publisher for over twenty-five years.

21.     Plaintiff, Byron Smith is an individual residing in Miami, Florida. Smith is one of the original authors of eleven popular music compositions and has been a BMI affiliated songwriter and publisher for over twenty-five years.

22.     Upon information and belief, Defendant,  Warner/Chappell is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

23.     Upon information and belief, Defendant, Atlantic Recording Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York.

24.     Upon information and belief, Defendant, Artist Publishing Group, Limited Liability Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

8

25.    Upon information and belief, Defendant, Karen Stetson is an attorney residing in Miami, Florida. Stetson is licensed to practice law in the State of Florida and is a shareholder with Gray Robinson P.A.

26.    Upon information and belief Defendant, 321 Music L.L.C.  is a Corporation organized under the laws of the State of Florida, with its principal place of business in Miami Dade, Florida.

27.    Upon information and belief Defendant, Pandisc Music Corporation is a Florida Corporation organized under the laws of the State of Florida, with its principal place of business in Miami Dade, Florida.

28.    Upon information and belief, Defendant, Whooping Crane Music, Inc. is a Florida Corporation organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

## FACTS RELEVANT TO ALL CLAIMS

### Plaintiffs' Business and Ownership of the Musical Works

29.    Plaintiffs are individual songwriters and publishers. The one quality which both Plaintiffs share is that they own copyrighted musical works and seek to creatively license and authorize the use of those works in order to maximize revenues for themselves respectively.

30.    Annexed as Exhibit A is a federal Mediation Settlement Agreement which in ¶7 contains a list of the Musical Works that are co-owned and/or controlled by Plaintiffs. Plaintiffs are the co-owners of the copyrights in that they are the original co-authors as set forth in Exhibit H. Plaintiffs' names appear on the phonograph record label as songwriters,

as well as on the phonograph record sleeve of all said Musical Works. Each of the Musical

Works has been duly registered in the United States Copyright Office and were registered

with Broadcast Music Inc. to reflect Plaintiffs' co-authorship between 1985 and 1987 by

Jonathan Black acting as the registering agent.

31.    The copyright in the Musical Works set forth in Exhibit A remains valid and

subsisting, and have been owned and/or controlled by Plaintiffs at all relevant times.

32.    Plaintiffs have complied with all other relevant requirements of the Copyright

Act with respect to the Musical Works.

## Defendants' Infringement of the Musical Works

33.    Defendants aggregate and disseminate musical works and audiovisual

content and, in many cases, create and produce or participate in the creation and

production of such.

34.    Warner Defendants' business' is centered on a diverse conglomeration of

copyright ownership and publishing of music and visual works, distributed worldwide

through traditional retail and broadcast networks and over the internet. Many of the Warner

Defendants' activities are devoted exclusively to the exploitation and sale of musical works

through licensing as well as the for-profit collection and distribution of revenues derived as

a result of such. Warner Defendants have the right and ability to control, supervise and/or

prevent the acts of infringement.

35.    Upon information and belief, Warner Defendants entered into a lucrative

publishing administration agreement with 321 Defendants in which 321 Defendants falsely

represented themselves to be the sole owner of Musical Works which are co-owned by

Plaintiffs. Warner Defendants directly infringed and continues to infringe on Musical Works co-owned by Plaintiffs by exploiting and distributing said Musical Works and causing royalties accumulated by Warner Defendants to be collected and disbursed among all Defendants without the authorization and consent of Plaintiffs. For example, the royalties derived from internet sales, download sales for ringtones as well as royalties for sampling, interpolation and synchronizations (as described in ¶10 of Exhibit "A") collected and held since July 2008 for the use of Muevelo by Los Super Reyes, *Broadcast Music Inc. most performed Latin song of 2007-2008* which utilizes the infringed Musical Work  "Don't Stop the Rock". Muevelo is a platinum single worldwide and the video containing the infringed work has been viewed on Youtube well over *3 million* times, Annexed hereto as Exhibit "B".

36.     Annexed hereto as Exhibit "C", as response to Plaintiffs' letter of direction requesting payment of royalties owed to Plaintiffs by Warner Defendants; Stetson with and on behalf of Warner Defendants informed Plaintiffs by attempted coercion through email communication, that if they wish to even "discuss their rights" to receive their share of royalties derived from the exploitation of Muevelo and other Musical Works which was collected, disbursed and/or is being held by Warner Defendants that Plaintiffs would have to sign an unsanctioned, unilateral amendment to the MSA which on its face clearly states in its Recitals that the Defendants, "seek to amend the Mediation Settlement Agreement in certain respects as it pertains to them and not to Baker or Smith". Said amendment was entered into and executed by all Defendants, Annexed hereto as Exhibit "D" This was done without regard to ¶2 of Exhibit A which clearly states "All prior agreements between Pandisc, WC on one hand and Garfield/Byron are hereby terminated and of no effect".

11

37.     Upon information and belief Stetson with and on behalf of the Warner Defendants and in collusion with all Defendants affirmatively misrepresented the position of the United States District Court Southern District of Florida, Judge Moreno and Judge Torres  by invoking the Judges' order, Annexed hereto as Exhibit "E", as validation and justification for the enforcement of the amendment of the MSA which was executed by all Defendants. This was done without regard to the Courts' denial of all post-settlement motions which were filed by all parties. Stetson's actions with and on behalf of Warner Defendants illegally restrains Plaintiffs from exercising their legal rights to have the exploitation of their Musical Works administered by a competing publishing administrator. Stetson with and on behalf of Warner Defendants, disbursed payments and continue to disburse payments of royalties held and collected by Warner Defendants among Defendants to the exclusion of Plaintiffs. Warner Defendants earned and will continue to earn significant amounts of monies from their copying and use of Plaintiffs' copyrighted Musical Works.

38.     321 Defendants are conjoined to "Warner Defendants" via a publishing administration agreement, whose business is centered around production, ownership and publishing of music and musical works, distributed worldwide through traditional retail and broadcast networks and over the internet as seen in Exhibit "G". 321 Defendants have the right and ability to control, supervise and/or prevent the acts of infringement.

39.     Upon information and belief, 321 Defendants were able to procure a lucrative publishing administration agreement with Warner Defendants by falsely claiming to be the sole owner of Musical Works which are co-owned by Plaintiffs. 321 Defendants

12

together with Warner Defendants directly infringed on Musical Works co-owned by
Plaintiffs by exploiting and distributing said Musical Works and causing royalties
accumulated by Warner Defendants to be collected and disbursed among Defendants
without the authorization and consent of Plaintiffs.

40.     Upon information and belief, 321 Defendants together with Warner
Defendants has directly infringed and continues to infringe on Plaintiffs' copyrights by
transferring the administration of publishing owned and controlled by Plaintiffs to Pandisc
Defendants as announced in ¶7 of Exhibit "D" without the authorization and consent of
Plaintiffs. This was done without regard to ¶2 of Exhibit A which clearly states "All prior
agreements between Pandisc, WC on one hand and Garfield/Byron are hereby terminated
and of no effect". Pandisc Defendants has exploited and distributed such works worldwide
through traditional retail outlets, as well as over the internet and has collected and
disbursed such royalties to 321 Defendants to the exclusion of Plaintiffs. 321 Defendants'
actions illegally restrains Plaintiffs from exercising their legal rights to have the exploitation
of their Musical Works administered by a competing publishing administrator. 321
Defendants earned and will continue to earn significant amounts of monies from the
copying and use of Plaintiffs' copyrighted Musical Works.

41.     Pandisc Defendants' business is centered around production, licensing and
publishing of musical works, distributed worldwide through traditional retail and broadcast
networks and over the internet. Pandisc Defendants have the right and ability to control,
supervise and/or prevent the acts of infringement.

42.     Upon information and belief, Pandisc Defendants together with Stetson,

Warner Defendants and 321 Defendants, directly infringed and continues to infringe on the Musical Works co-owned by Plaintiffs by licensing, exploiting and distributing said Musical Works and causing royalties derived from exploitation of such works including royalties accumulated by Warner Defendants to be collected and disbursed among Defendants without the authorization and consent of Plaintiffs (without regard to ¶10 of Exhibit "A"). By further example as seen in ¶10 of Exhibit "A", Pandisc Defendants (through its agent, One Step Music Ltd.) entered into a master use and synchronization license with Fallon London Limited  for the use of the master recording composition for  "Don't Stop the Rock" for a commercial used by Cadbury Schweppes. Pandisc Defendants also entered into a mechanical synchronization license with Beat That Music regarding "Don't Stop the Rock" for the same commercial. The television advertisement was one of the *top three* most viewed television commercials worldwide in 2008 (according to information disseminated on NBC's Today Show) and have been viewed via internet on networks such as Youtube, well over 13,000,000 times Annexed hereto as Exhibit "F". Pandisc Defendants and said agents continue to collect and disburse royalties derived from this advertisement among all Defendants to the exclusion of Plaintiffs.

43.    Pandisc Defendants colluded together with Stetson, "Warner Defendants and 321 Defendants to transfer the administration of publishing of works co-owned and controlled by Plaintiffs without the authorization and consent of Plaintiffs as announced in ¶7 of Exhibit "D" . This was done without regard to ¶2 of Exhibit A which clearly states "All prior agreements between Pandisc, WC on one hand and Garfield/Byron are hereby terminated and of no effect".  Pandisc Defendants' actions illegally restrains Plaintiffs from

exercising their legal rights to have the exploitation of their Musical Works administered by a competing publishing administrator. In spite of all this, Pandisc Defendants continues to collect forty-eight percent  (48% ) of the publishing royalties from the exploitation of Plaintiffs' Musical Works without any valid document which transfers or confers Plaintiffs' rights to do so. The Musical Works has since been exploited and disseminated through traditional retail outlets, broadcast networks, as well as Pandisc Defendants' own website (www.Pandisc.com) and digital distribution platforms, such as Apple's iTunes and Amazon, Annexed hereto as Exhibit "G". Pandisc Defendants has collected and disbursed revenues derived from said activities to the exclusion of Plaintiffs. Pandisc Defendants earned and will continue to earn significant amounts of monies from their copying and use of Plaintiffs' copyrighted Musical Works.

44.     In addition to their infringement of Plaintiffs' Musical Works, WARNER Defendants, KAREN STETSON, and 321 Defendants and PANDISC Defendants have encouraged, contributed to, induced and facilitated the direct infringement of Plaintiffs' Musical Works by other producers and co-producers. Among other things, Defendants actions facilitate the production of infringing videos and phonorecords. Such works are made available to the public through vast distribution networks such as Amazon and Youtube, as seen in  Exhibit "G" phonorecords of Musical Works co-owned and controlled by Plaintiffs are being sold digitally in MP3 format, by said "other producers" and has sold well over 100,000 copies. For further  example, derivatives of the Cadbury Eyebrow Dance Advertisement seen in Exhibit "F" and derivative videos of "Muevelo" by Los Super Reyes have been uploaded and viewed well over 15 million times. Producers of these derivatives

traditionally receive revenue paid by Youtube as a result of the popularity of Plaintiffs' Musical Works. The popularity of such works attracts new users and internet traffic to Defendants website and increases Defendants' revenues and profits.

<div align="center">

**COUNT I**

**(Direct Copyright Infringement)**

</div>

45.     Plaintiffs incorporate by reference paragraphs 1-44 as if fully set forth herein.

46.     Plaintiffs are co-owners of the copyright of Musical Works and are entitled to and authorize to protects it composition against copyright infringement, including the enforcement of copyright actions.

47.     Within three (3) years of the filing of this Complaint, Defendants performed and distributed and continue to cause to be performed and distributed, Plaintiffs' Musical Works and purported to have the authority to do so, to the exclusion of Plaintiffs' rights to collect royalties for such use. Defendants publicly performed and/or distributed the infringing works over diverse networks including Youtube, Apple's iTunes and Amazon. Defendants' actions are deliberate and without the permission or consent of Plaintiffs.

48.     Defendants past and continuing conduct constitutes direct infringement of Plaintiffs' copyrights. Each infringement by Defendants of Plaintiffs' copyrighted Musical Works constitutes a separate and distinct act of infringement.

49.     Defendants acts of infringement have been and are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs pursuant to 17 U.S.C. § 501. Plaintiffs suffer, and will continue to suffer, substantial damage to their professional reputation and goodwill, as well as losses in an amount not yet ascertain, but will be

<div align="center">

16

</div>

determined according to proof.

50.     As a direct and proximate result of Defendants infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by § 504(c)(2) because of Defendants willful copyright infringement. Alternatively, at Plaintiffs election, pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement in an amount to be proven at trial.

51.     Plaintiffs are entitled to their costs, including reasonable attorneys fees, pursuant to 17 U.S.C. § 505.

52.     Further, by Defendants' direct copyright infringement and threatened continued direct copyright infringement Plaintiffs have sustained and if Defendants' acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502 enjoining any further use or exploitation by Defendants of Plaintiffs' copyrights of Musical Works.

## COUNT II

### (Contributory Copyright Infringement)

53.     Plaintiffs incorporate by reference paragraphs 1-44 as if fully set forth herein.

54.     Plaintiffs are co-owners of the copyright of Musical Works and are entitled to and authorize to protects it composition against copyright infringement, including the enforcement of copyright actions.

55.     As set forth above, the individuals who, as a result of Defendants' actions, create, produce and perform in derivative videos have infringed and are infringing

Plaintiffs' rights in the Musical Works by reproducing, preparing derivative works of, publicly performing and distributing the Musical Works in unauthorized videos and sound recordings, and/or purporting to have the authority to do so.

56.    Within three (3) years of the filing of this Complaint, Defendants have caused, enabled, induced, facilitated and materially contributed to each act of infringement by these individuals, and continue to do so to the exclusion of Plaintiffs' rights to collect royalties for such use.

57.    Defendants past and continuing conduct constitutes contributory infringement of Plaintiffs' copyrights. Each infringement by Defendants of Plaintiffs' copyrighted Musical Works constitutes a separate and distinct act of infringement.

58.    Defendants have actual and constructive knowledge that these videos and sound recordings infringe Plaintiffs' Musical Works and that Plaintiffs' rights to reproduce, prepare derivative works of, publicly perform and distribute the Musical Works and to collect royalties for such use have been and are being infringed.

59.    Defendants' acts of infringement have been and are willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs. Plaintiffs suffer, and will continue to suffer, substantial damage to their professional reputation and goodwill, as well as losses in an amount not yet ascertain, but will be determined according to proof.

60.    As a direct and proximate result of the infringement by Defendants of Plaintiffs' copyrights and rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by Section 504(c)(2) because of Defendants willful copyright infringement. Alternatively, at Plaintiffs'

election, pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement in an amount to be proven at trial.

61.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

62.    Further, by Defendants' contributory copyright infringement and threatened continued contributory copyright infringement, Plaintiffs' have sustained and if Defendants acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502 enjoining any further use or exploitation of by Defendants of Plaintiffs' copyrights of Musical Works.

<div align="center">

**COUNT III**

**(Inducement of Copyright Infringement)**

</div>

63.    Plaintiffs incorporate by reference paragraphs 1-44 as if fully set forth herein.

64.    Plaintiffs are co-owners of the copyright of Musical Works and are entitled to and authorize to protects it composition against copyright infringement, including the enforcement of copyright actions.

65.    As set forth above, Within three (3) years of the filing of this Complaint the individuals who, as a result of Defendants' actions, create, produce and perform in derivative videos and phonorecords have infringed and continue to  infringe Plaintiffs' rights in the Musical Works by reproducing, preparing derivative works of, publicly performing and distributing the Musical Works in unauthorized videos and phonorecords, and/ or purporting to have the authority to do so and continue to do so to the exclusion of

<div align="center">19</div>

Plaintiffs' rights to collect royalties for such use.

66.    All Defendants have the right and ability to control, supervise and/or prevent the acts of infringement by these individuals.

67.    Defendants significantly and directly benefit from the infringement of the Musical Works by deriving substantial royalty revenues from the infringing videos and phonorecords.

68.    Defendants  are liable under the Copyright Act for inducing the infringing acts of those individual producers and performers. Defendants operate their multifarious business' of music production, publishing and distribution with the objective of promoting the use and commercial consumption of popular Musical Works over diverse networks and websites. Defendants' activities include the infringement of Plaintiffs' copyrights and unlawfully fosters copyright infringement of Plaintiffs' Musical Works over said networks, including but not limited to Youtube, Amazon and Apple's iTunes.

69.    Defendants are fully aware of Plaintiffs' co-ownership of the copyrights of the Musical Works. Defendants are equally aware that videos and phonorecords disseminated, featured and promoted on the networks referenced above, infringe the Plaintiffs'  Musical Works  and that the individuals who create and produce these videos and phonorecords utilize said networks and other services facilitated by Defendants' actions for the express purpose of monetizing the infringement of Plaintiffs' Musical Works. Defendants intend, encourage and induce these individuals to employ the use of the Musical Works and as a result, share in the revenues payable to copyright owners from such use to the exclusion of Plaintiffs.

70.    Defendants' acts of infringement have been and are wilful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs. Plaintiffs suffer, and will continue to suffer, substantial damage to their professional reputation and goodwill, as well as losses in an amount not yet ascertain, but will be determined according to proof.

71.    As direct and proximate result of the infringement by Defendants of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by Section 504(c)(2) because of Defendants willful copyright infringement. Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement in an amount to be proven at trial.

72.    Plaintiffs are entitled to their costs, including reasonable attorney's fees, pursuant to to 17 U.S.C. § 505.

73.    Further, by Defendants' induced copyright infringement and threatened continued induced copyright infringement Plaintiffs have sustained and if Defendants' acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502 enjoining any further use or exploitation of by Defendants of Plaintiffs' copyrights of Musical Works.

## COUNT IV

### (Vicarious Copyright Infringement)

74.    Plaintiffs incorporate by reference paragraphs 1-44 as if fully set forth herein.

75.    As set forth above, within three (3) years of the filing of this Complaint the individuals who, as a result of Defendants' actions, create, produce and perform in

21

derivative videos and/or phonorecords have infringed and continues to infringe Plaintiffs' rights in the Musical Works by reproducing, preparing derivative works of, publicly performing and distributing the Musical Works in unauthorized videos and phonorecords, and/ or purporting to have the authority to do so and continue to do so to the exclusion of Plaintiffs' rights to collect royalties for such use.

76.    All Defendants have the right and ability to control, supervise and/or prevent the acts of infringement by these individuals.

77.    Defendants significantly and directly benefit from the infringement of the Musical Works by deriving substantial royalty revenues from the infringing videos and phonorecords.

78.    Defendants' acts of infringement have been and are wilful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiffs. Plaintiffs suffer, and will continue to suffer, substantial damage to their professional reputation and goodwill, as well as losses in an amount not yet ascertain, but will be determined according to proof.

79.    As direct and proximate result of the infringement by Defendants of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by Section 504(c)(2) because of Defendants willful copyright infringement.. Alternatively, at Plaintiffs' election, pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to their actual damages plus Defendants' profits from infringement in an amount to be proven at trial.

80.    Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

81.     Further, by Defendants' vicarious copyright infringement and threatened continued vicarious copyright infringement Plaintiffs have sustained and if Defendants' acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502 enjoining any further use or exploitation of by Defendants of Plaintiffs' copyrights of Musical Works.

## COUNT V

### (Constructive Trust)

82.     Plaintiffs incorporate by reference as set forth in full herein the allegation of Paragraph 1 through 81 of this Complaint.

83.     By virtue of their wrong conduct, Defendants illegally received monies and profits that rightfully belong to Plaintiffs.

84.     Defendants are therefore involuntary trustees, holding the gross receipts from their product sales, revenues and/or licensing to the extent attributable to Plaintiffs' Musical Works and therefore attributable to the infringement of Plaintiffs' copyrights therein. Defendants hold such monies and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiff. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real property, and personal property that can be located and traced.

85.     Plaintiffs are entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiffs' copyrighted Musical Works.

## COUNT IV

### (Accounting)

86.     Plaintiffs incorporate by reference as set forth in full herein the allegation of Paragraph 1 through 85 of this Complaint.

87.     Under 17 U.S.C. § 504, Plaintiffs may recover any and all profits of Defendants that are attributable to their acts of infringement.

88.     A balance is due from Defendants, 321 Defendants, Pandisc Defendants, Karen Stetson and Warner Defendants, jointly and severally, to Plaintiffs for misappropriation of profits and gross receipts arising from or attributable to Defendants administration and exploitation of Plaintiffs' copyrights for Musical Works and consequent violation and infringement of Plaintiffs' copyrighted Musical Works to third parties without authorization.

89.     The exact amount of money due from Defendant is unknown to Plaintiffs and can only be ascertained through an accounting. Plaintiffs seek an order from this Court directing Defendants to provide Plaintiffs with an accounting and payment of the amount due as a result of the accounting, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

a)      For temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their agents, servants, officers, directors, employees, licensees, partners, successors and assigns, and all persons, firms, corporations or entities acting under their direction, authority or control, and all persons acting in concert or participation with any of them, from directly or indirectly reproducing, preparing derivative works of,

publicly performing, distributing or otherwise infringing in any manner any of the Musical Works identified herein, and from causing, enabling, facilitating, encouraging, promoting, inducing or participating in any such infringements;

b) That the Court enters an order pursuant to 17 U.S.C. § 503 mandating the impounding of all infringing copies of the Musical Works or any portions thereof;

c) Requiring Defendants to account for and pay over to Plaintiff all profits derived from Defendants' wrongful acts;

d) For maximum statutory damages pursuant to 17 U.S.C. § 504(c) or alternatively, at Plaintiffs' election, to actual damages plus Defendants' profits from their infringement of the Musical Work pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial.

c) For Plaintiffs' costs, including reasonable attorneys' fees and costs, incurred in this action;

d) For prejudgement and post-judgment interest;

e) For such other and further relief as the Court may deem just and proper.


## JURY TRIAL DEMAND

Plaintiffs demand a trial on all issues so triable.


Dated:  Miami, Florida
        June 25, 2014

Garfield Baker

1604 NE 20th Ave.

Ft Lauderdale, FL 33305

25

Byron Smith

4110 NW 190 Street

Miami, Florida 33055

## MEDIATION SETTLEMENT AGREEMENT

This Settlement is made and entered this 23rd day of July, 2009 by and between Pandisc Music Corp. ("Pandisc"), Whooping Crane Music, Inc. ("WC"), 321 Music LLC ("321"), Tony Butler ("Tony"), Garfield Baker ("Garfield"), Byron Smith ("Byron"), Warner/Chappell Music, Inc. ("Warner"), Atlantic Recording Corp. ("Atlantic") Artist Publishing Group, LLC ("Artist"), and Robert Crane ("Crane").

In satisfaction of all claims, counterclaims, which were asserted or which could have been asserted in Case No. 09-20505 Civ-Moreno (the "Case") the parties agree as follows:

1.     All prior agreements between Pandisc, WC on one hand and Tony or any of his companies are hereby terminated and of no effect with the exception of: (1) agreement between Pandisc and Tony Butler dated January 17, 1992 and (2) the co-publishing agreement between WC and Tony Butler dated January 17, 1992 and addendums thereto and (3) the artist procurement letter from Treniere Farrington to Pandisc Music Corp. dated January 17, 1992 all of which relate to the titles listed on Exhibit "A" and all of which remain in full force and effect.

Pandisc agrees to provide Butler with an accounting of any monies due for the past five (5) years pursuant to the 1992 agreements listed above (a list of the titles is attached as Exhibit "A") within thirty (30) days along with providing any payment due as a result of said accounting.

2.     All prior agreements between Pandisc, WC on one hand and Garfield/Byron are hereby terminated and of no effect.

*Plaintiffs Exhibit "A"*

3.      Tony waives, releases and forever discharges all claims against Pandisc, WC and Crane for royalties or other claims under the prior agreements except: (1) with regard the January 17, 1992 agreements listed above and (2) with regard to obligations under this agreement.

4.      Garfield/Byron waives, releases and forever discharges all claims against Pandisc, WC and Crane for all royalties or other claim under their agreement except with regarding to obligations under this agreement.

5.      Pandisc agrees it has no rights to any of the Master Recordings recorded by Tony Butler, including but no limited to Game, Debbie Deb; Freestyle; Treniere[1], Pretty Tony, except as provided herein and Pandisc will sign and file such documents with the U.S. Copyright Office to acknowledge that the exclusive owner of the sound recording copyright to such sound recordings shall be 321.   Pandisc shall cease all distribution of all records containing such sound recordings  immediately.

**Master Recordings**

6.      The parties acknowledge that 321 has entered into a distribution agreement for certain master recordings described as:

| Track | Artist |
|---|---|
| I Know You Love Me | Treniere |
| All Night | Treniere |
| How Can We Be Wrong | Treniere |
| I'll Be All You Ever Need | Treniere |
| Can't Stop the Beat | Treniere |
| Can't Get Enough | Treniere |
| Party's Just Begun | Free Style |
| It's Automatic | Free Style |
| Don't Stop the Rock | Free Style |
| Lookout Weekend | Debbie Deb |

---

[1]   Except as related to songs listed on Exhibit "A" pursuant to the 1992 agreement with Treniere Farrington.

| | |
|---|---|
| When I Hear Music | Debbie Deb |
| Jam the Box | Pretty Tony |
| Everybody's Jammin | Debbie Deb |
| Will We Ever Learn | Treniere |
| Must Be Nice | 911 |
| Free Style Express | Free Style |
| Fix It In The Mix | Pretty Tony |
| Alone With You | Treniere |
| 24/7 | 911 |
| Searching | Debbie Deb |

with Universal Records (UK). 321 may enter into such other further distribution/license agreements in the future and shall provide written notice to Pandisc upon entering into any such agreement. The parties agree that Tony shall have the sole and exclusive right to enter into an agreement to distribute such sound recordings, and the royalties earned from the distribution of such sound recording shall be distributed 85% to 321 and 15% to Pandisc. 321 shall, within 3 business days of execution of this agreement, send a letter of direction regarding the payment of Pandisc's monies. If such distributor(s) will not pay Pandisc directly, then 15% of such monies and royalties shall be paid to Richard Wolfe, as escrow agent who shall distribute such amounts to Pandisc. If the Universal agreement shall come to an end, Tony shall only sign another distribution agreement with a national distributor associated with a major label or a major independent having a national distribution network. Otherwise, Tony shall obtain the approval of Pandisc in writing. The royalties and other monies from any future distributors shall continue to be distributed 85% to 321 and 15% to Pandisc, including advances.

### Music Compositions

7.      With respect to the following compositions, co-written by Tony, Byron and Garfield, the following shall apply:

Don't Stop My Love

Can't Get Enough
All Night
They're Playing Our Song
It's Automatic
Don't Stop the Rock
How Can We Be Wrong
Stay in Here With Me
I'll Be All You Ever Need

---

(A)    The writers share of such royalties shall be distributed as follows:

Tony        50%
Byron       25%
Garfield    25%

(B)    The publishers share of such royalties shall be distributed as follows:

321                    37.5%
WC                     48.5%
Garfield and Byron     14%

8.    With respect to the following compositions, all written solely by Tony

Butler, the publisher's share of such royalties shall be distributed as follows:

321        75%
WC         25%

I Know You Love Me
Lookout Weekend
When I Hear Music
Jam The Box
Everybody's Jammin
Will We Ever Learn
Must Be Nice
Freestyle Express
Fix It In The Mix
Alone With You
24/7[2]
Searchin

9.    The parties will advise BMI forthwith to pay all royalties withheld, and all

future royalties consistent with paragraphs 7 and 8.

---

[2]  Garfield is a 25% writer.

10.     The parties agree that 321 has entered into a publishing administration agreement with Artist dated July 25, 2008 (currently administered by Warner) (the "Artist Agreement") and they each agree that Warner shall be the sole and exclusive administrator of all the compositions described in this agreement for the balance of the Artist Agreement and all compositions described in the Artist Agreement whether or not listed in this Agreement.  321 specifically ratifies the validity of the Artist Agreement and acknowledges that Artist has timely exercised its option to extend the term for contract year 2. Nothing in this Agreement is intended to amend or modify the Artist Agreement in any respect.  The parties shall direct that Warner shall make a distribution of all monies currently held and/or to be collected in the future in accordance with this agreement including royalties for sampling.

If the Warner/Artist agreement comes to a conclusion, Tony shall only sign another publishing administration agreement with a major publisher (top seven). Otherwise Tony shall obtain the approval of Pandisc in writing.  The monies due from any subsequent agreement shall continue to be distributed in accordance with paragraphs 7 and 8 of this agreement, including royalties for sampling and including advances.

### Cadbury License

The parties acknowledge that Pandisc/Whooping Crane (through its agent, One Step Music Ltd.) entered into a master use and synchronization license with Fallon London Limited for the use of the master recording and composition "Don't Stop The Rock" for a commercial use by Cadbury.   Whooping Crane also entered into a mechanical synchronization license with Beat That Music regarding "Don't Stop The Rock" for the same commercial.    The parties agree that any monies paid to

Pandisc/Whooping Crane will be paid to 321, Tony, Byron, Garfield, Pandisc and WC in accordance with ¶¶ 7 and 8 above and a full accounting shall be provided forthwith.

If any monies are held by the parties pursuant to such license, or if monies are to be paid in the future, they shall be paid as follows:

~~A.      On the Master Recording all monies shall be paid 100% to 321.~~

B.      On the Composition, all monies shall be paid 25% to Tony, 12.5% to Garfield, 12.5% to Byron, 18.75% to 321, 24.25% to WC, 3.5% to Garfield, and 3.5% to Byron.

11.      Pandisc and WC waive and release any and all claims against Warner, Atlantic and Artist for any of the claims set forth in the complaint in this case, and they agree to sign a release regarding the claims raised in the Case within five (5) days of delivery of said release from counsel for Warner, Atlantic and Artist.

12.      Pandisc and its affiliates, including Street Beat Records agree to waive and release any and all claims against Tony, with the exception of any obligations under this agreement which remain in full force and effect and they agree to file and record forthwith a satisfaction of any and all judgments against Tony Butler.

13.      Byron and Garfield waive, release and forever discharge any and all claims against: Pandisc, Whooping Crane and its officers and Crane.

Byron and Garfield release 321 and Tony regarding the claims stated in the proposed Intervenor's Complaint.

14.      Tony and 321 waive, release and forever discharge any and all claims held by Tony and any of his companies, including, but not limited to, 321, Captain Productions, C-Tan Music and Music Specialist, against Pandisc, WC, and its officers

and Crane with the exception of the 1992 agreements identified in paragraph 1 of this agreement.

15.     All payments to Tony or 321 shall be sent to Richard Wolfe, Esq., 100 S.E. 2nd Street, Suite 3300, Miami, FL 33130.  All payments to Pandisc and/or Whooping Crane shall be sent to Pandisc and Whooping Crane, 247 S.W. 8 Street, Suite 349, Miami, FL  33130.  All payments to Byron and Garfield shall be sent to: Delancy Hill, P.A., 200 South Biscayne Blvd., Suite 2750, Miami, Fl 33131.

16.     With respect to all prior licenses made by Pandisc of any of the sound recordings set forth herein, Pandisc shall direct in writing that all future royalties received therefrom be paid to Richard Wolfe as escrow agent who shall divide such amounts and distribute same 50% to 321 and 50% to Pandisc.  Pandisc shall forthwith remove all electronic distribution of the sound recordings described hereto from services such as I-Tunes and its own website.

17.     Tony shall be the sole person to approve such future licenses for the master recordings and/or compositions described herein.

18.     Warner shall forthwith distribute all monies currently held and to be paid in the future in accordance herein.

19.     The parties agree to file a joint stipulation of dismissal of the case with all parties to bear their own fees and costs.

20.     The Court shall retain jurisdiction to enforce this agreement and award attorneys fees in favor of the prevailing party.

21.     By signing this agreement, no party admits to any liability or wrong doing.

22.    This mediation settlement agreement shall consist of the entire agreement between the parties replacing all prior agreement oral or in writing.

23.    A faxed signature shall be deemed ~~defective~~ *effective*.  This agreement may be signed in counterparts all of which shall constitute one agreement.

321 Music LLC

By:_____
    **Tony Butler, its President**

_____
**Tony Butler**

**Pandisc Music Corp.**

By:_____
    **Robert Crane, its President**

**Whooping Crane Music Corp**

By:_____
    **Robert Crane, its President**

_____
    **Robert Crane**

Warner/Chappell Music, Inc.

By: _____
      Karen L. Stetson, Counsel

Atlantic Recording Corp.

By: _____
      Karen L. Stetson, Counsel

Artist Publishing Group, LLC

By: _____
      Karen L. Stetson, Counsel

Byron Smith

By:_____
      Bryon Smith

Garfield Baker

By:_____
      Garfield Baker

07/24/2009  15:28     +000000000                                     PAGE  09/09
Jul 24 09 08:08p    DORO 'Y SMITH            305-650 _504           p.9

Warner/Chappell Music, Inc.

By:_____
    Karen L. Stetson, Counsel

Atlantic Recording Corp.

By:_____
    Karen L. Stetson, Counsel

Artist Publishing Group, LLC

By:_____
    Karen L. Stetson, Counsel

Byron Smith

By:_____
    Bryon Smith

Garfield Baker

By:_____
    Garfield Baker

8 120892 v1
7/23/09 4:45 PM

9

Warner/Chappell Music, Inc.

By:_____
        Karen L. Stetson, Counsel


Atlantic Recording Corp.


By:_____
        Karen L. Stetson, Counsel


Artist Publishing Group, LLC


By:_____
        Karen L. Stetson, Counsel

Byron Smith

By:_____
        ~~Bryon Smith~~  ByRon Smith

Garfield Baker

By:_____
        Garfield Baker



Ex "A"



10/12/1992 Release of PD-8820 — Trinere- Trinere's In the H / Alone At Last
8/10/1992 Release of PD-084 12,CS — Trinere — Alone at Last
1/17/1992 Pandisc Music Corp. — Trinere Farrington — Same Songs as Production Agreement
1/17/1992 Pandisc Music Corp. — Tony Butler c/o Jonathan B — Same Songs as Production Agree "throughout the Addendum to Agreeme... / Artist Inducement Letter
1/17/1992 Whooping Crane Music, Inc. Tony Butler c/o Jonathan B Same Songs as Production Agree "worldwide right Co-Publishing Agreeme...

5/26/1993 Release of PD-094 12,CS,C Trinere
4/2/1996 Release of EKG/Warlock C Trinere-Celebrating 10

3/21/1997 HoP Productions, Inc. — Debbie Deb - Lookout We — Agreement w/ Tony Butler dba Jampacked Records, EKG Records, Music, Sp, Non-Exclusive Licensing
7/22/1997 Release of Hot-66148 EP — Lookout Weekend (2 versions) / I'm Searching (2 versions)

I Want You to Want Me
Boy, You're the One
Mega Mix  OF Songs of this Album
I Want You to Want Me
Boy, You're the One

In and Out
Night Life
I'm In Love Again
Rockin' to the Rhythm
I Have Finally Found Somebody
I Want You to Want Me
Boy, You're the One
Mega Mix

Rockin' to the Rhythm
When I Hear Music
Night Life
I Want You to Want Me
I Know You Love Me
Can't Stop the Beat
Forever Yours
I'll Be All You Ever Need
Rockin' to the Rhythm
How Can We Be Wrong?
I Have Finally Found Somebody
In and Out
I'm in Love Again
Stay in Love With Me
Alone at Last
In Two Places
All Night
When I Hear Music (2 versions)
Lookout Weekend (2 versions)
I'm Searching (2 versions)

Case 1:14-Rev-22403-JG    Document 1    Entered on FLSD Docket 06/27/2014    Page 40 of 83

los super reyes muevelo

Upload    gmusicest 67@gmail.com 



## Los Super Reyes - Muevelo

Ticul    11 videos

3,062                                                    1,795,682
                                                         1,556    57

Like                    About    Share    Add to

Uploaded on Mar 13, 2008                    Buy "Muevelo" on
Cumbia Kings - Muevelo

When I first saw the original video for the song, I thought their        Google Play
concept wasn't good enough..so I put some clips together to show                          AmazonMP3
what the video should look like.. just for fun!

Show more

ALL COMMENTS (299)

    Share your thoughts

Top comments

    Alex Barboza    1 month ago
                 Haha I remember this song ^~^
                 Reply

    Julio Cesar    1 month ago
                 oooo....shit...bad as vid...esta perrona el video mix...
                 Reply

    MAJORITYGAMER78    2 years ago
                 ahh 240p we meet again

    karito llerena    2 years ago
                 me fascinaaaaaaaaaaaaaaaaaaaaaaaaaaaaaaa!!!!!!! lo maximooo!!!

    jim jubabir    2 years ago
                 See what this girl does woth this tune.../watch?v=6Zx39v3JUU! I BET ULL LOVE IT!!!!

    Mary Archer-Scott    2 years ago
                 Me encanta!!! ;)

### Sidebar


**Wheels OF the Bus Rhyme**
AD   by Hoopla Kidz
101,273,778 views
1:23


**Video El Gran Silencio Chúntaro Style**
by happymediatv
4,671,472 views


**Muevelo-Los Super Reyes**
by MsREALMADRID2009
529,586 views


**Calle 13 - Atrevete te te**
by Calle13VEVO
21,492,894 views


**Los Super Reyes - Kumbia Kings.**
by karliuux
90,159 views


**Los Super Reyes - Muevelo LIVE**
by TejanoEntertainment
172,456 views


**The Best SPANISH Songs of All Time (top 100)**
by DBC6


**Selena y Kumbia Kings - Baila Esta Cumbia**
by ignorant art.
750,373 views


**No tengo Dinero**
by bataylor
2,021,100 views


**A B Quintanilla Y Los Kumbia Kings Boom Boom**
by John Linan
1,784,185 views


**kumbia kings - fuego**
by darkgoma ozahgua
789,784 views


**Kumbia Kings - Mi Dulce Niña**
by princesa805
2,705,208 views

**Cruz Martinez y Los Super Reyes - ERES (Video Oficial)**
by WarnerMusicMexico
3:11    530,330 views

**No voy a trabajar**
by cornejoarevalo
3:21    5,250,583 views

**los super reyes - serenata**
by sandy199864
3:33    291,547 views

**Insomnio - Kumbia Kings**

Plaintiffs Exhibit "B"

Muevelo-Los Super Reyes - YouTube

Upload ▼          gmusicest.67@gmail.com   ▲




**Mix - Muevelo-Los Super Reyes**
by YouTube


**Dezear Rp -No Soy Ella Ft. Prymanena & Kerem (Video**
by Dezear Rp | Music Official ☒
377 466          FEATURED


**Video El Gran Silencio Chúntaro Style**
by happymediatv
4 871 472 views


**Kumbia All Starz, A.B. Quintanilla III - Por Ti Baby**
by emimusic
1.682 523 views


**Kumbia All Starz - Rica Y Apretadita**
by emimusic
1.915 213 views

**Muevelo-Los Super Reyes**


MsREALMADRID2009   277 videos

6 098

530,987

1 673      89

Like

About      Share      Add ▼


**kumbia kings - fuego**
by darkgoma ozahgua
789 784 views


**los super reyes - serenata**
by sandy199864
291 547 views

Uploaded on Dec 18, 2010
Muevelo-Los Super Reyes

Esta siguiente melodia es solomente para la gente que estan aaaaburridos (Awebo)

Show more


**los kumbia kings**
by julalf1996


**Selena y Kumbia Kings - Baila Esta Cumbia**
by ignorant art.
750 373 views


**Intocable & Kumbia Kings - Fuiste Mala (Video Official) HD**
by superpito503
866 403 views

ALL COMMENTS (158)


**Kumbia Kings - Mi Dulce Niña**
by princesa805
2 705.208 views

Share your thoughts

Top comments

**Los Super Reyes - Muevelo**
by Ticul
1 794 538 views


**Da vid** via Google+   2 months ago
Muevelo!!
Reply     1

**A B Quintanilla Y Los Kumbia Kings Boom Boom**
by John Linan
1 784 185 views


**Yessica Gaytan**   10 months ago
-los syper reyes
Reply

**Parece que va a llover**
by CDGTZ95
124 840 views


**TheCrizzMeX**   2 months ago
Freestyle - dont stop the rock ????
Reply

**Thalia ft. Kumbia Kings - Tu Y Yo (Cumbia Mixer) (Producciones**
by jrcodjmixcr
1.177 373 views


**Emily Mtz**   2 months ago
Luv them......
Reply     1

**A.B. Quintanilla III - Chiquilla**
by emimusic
1 074.781 views


**beremelgoza**   1 month ago
Love it. <3 BEST MUSIC EVER !
Reply


**carlos rivera**   1 year ago
LIKE SI CREES QUE DECIR LIKE YA ESTA BIEN CHOTEADO



**President Garfield< gmusicest.67@gmail.com>**

## Letter of Direction to Warner re:Garfield Baker and Byron Smith

**Byron Smith** < smithandbakermusic@yahoo.com>
Reply-To: Byron Smith <smithandbakermusic@yahoo.com>           Mon, May 6, 2013 at 2:54 PM
To: "kati.hyde@warnerchappell.com" <kati.hyde@warnerchappell.com>
Cc: "gmusicest.67@gmail.com" <gmusicest.67@gmail.com>

May 6, 2013

### Letter of Direction Re: Intervenors Garfield Baker and Byron Smith

Dear Ms. Hyde:

On or about July 2008, Artist/Warner Music entered into a publishing administration agreement (the "Artist Agreement") with Tony Butler/321 Music LLC in which Mr. Butler represented himself to be the 100% owner of the copyrights for a catalog of songs found in said publishing agreement . On or about July 2009, federal case Pandisc Music Group vs. 321 Music/Warner Music Case No. 09-20505 was settled via Mediation Settlement Agreement ("MSA") to which Artist/ Warner Music Group is a signatory. You'll find that Byron Smith and Garfield Baker as intervenors are also signatories in the attached MSA. In the settlement agreement all parties concede that Mr. Smith and Baker are in fact co-owners of the copyrights and are entitled to the percentage of the publishing revenue found and described in ¶7 and ¶10 of the MSA which states in pertinent part;

*The parties shall direct that Warner shall make a distribution of all monies currently held and/or to be collected in the future in accordance with this agreement including royalties for sampling.*

To date, Mr Smith and Baker have received no payments or accounting from Warner as prescribed in the Mediation Settlement Agreement. We hereby formally request that full payment and accounting as of July 2008 to present be provided forthwith to Mr. Smith and Baker % Stackin' It Publishing 4110 NW 190 St. Miami, FL 33056. We appreciate your full cooperation and prompt attention to this matter.

*Plaintiffs Exhibit "C"*

Respectfully yours,

Garfield Baker

4110 NW 190 St.

Miami, FL 33056

Tel: (954)892-3724

Email: smithandbakermusic@yahoo.com

---

**2 attachments**

**Fnal Settlement Agreement (1).pdf**
448K

**Letterof Direction.pdf**
81K



**President Garfield< gmusicest.67@gmail.com>**

## FW: RE: Pandisc v. 321 Music, et al.; Case No. 09-20505

**Byron Smith** < smithandbakermusic@yahoo.com>                    Sat, Jul 27, 2013 at 10:18 AM
To: gmusicest.67@gmail.com

----Forwarded Message----
From: Karen.Stetson@gray-robinson.com
To: smithandbakermusic@yahoo.com
Sent: Thu, Jul 11, 2013 1:16 PM PDT
Subject: RE: Pandisc v. 321 Music, et al.; Case No. 09-20505

Sure thing – will do

From: Byron Smith [mailto:smithandbakermusic@yahoo.com]
Sent: Thursday, July 11, 2013 4:06 PM
To: Karen L. Stetson
Subject: Re: Pandisc v. 321 Music, et al.; Case No. 09-20505

Karen,

As you know Judge Moreno granted Mr. Smith and I the right to act as our own attorneys in this case. I was never forwarded a copy of the amended settlement agreement. Please forward me a copy of said agreement as soon as possible.


Regards,
Garfield

_____
From: Karen L. Stetson <Karen.Stetson@gray-robinson.com<mailto:Karen.Stetson@gray-robinson.com>
To: "smithandbakermusic@yahoo.com<mailto:smithandbakermusic@yahoo.com>"
<smithandbakermusic@yahoo.com<mailto:smithandbakermusic@yahoo.com>
Sent: Monday, July 8, 2013 11:34 PM
Subject: Pandisc v. 321 Music, et al.; Case No. 09-20505

Dear Mr. Baker:

Your "letter of direction" addressed to Kati Hyde dated May 6, 2013 has been forwarded to me for response as outside counsel.  You may remember me since we met at the mediation of the captioned matter.  As you will recall, there was an initial settlement agreement, which you and Mr. Smith signed, that was later amended, which you and Mr. Smith did not sign.  As you will further recall, you and Mr. Smith as Intervenors then attempted to have the Court repudiate both the initial settlement agreement and the amendment thereto, which the Judge refused to do.  In fact, the Judge indicated that if any party had any problem with the settlement agreement as amended, that party would have to pursue such claim further in another court.  It is, therefore, inappropriate for you to simply ask Warner to honor a settlement agreement which you know was amended.  If you and Mr. Smith are agreeable to signing off on the amendment, there will no longer be a conflict
  between you, Pandisc and 321 and we would then be in a position to discuss your rights under the

amended settlement agreement. If you and Mr. Smith are not agreeable to signing off on the amendment, then you need to pursue whatever disagreement you have with the terms of the amended settlement agreement with Pandisc and/or 321. If you do not have a copy of the amendment to the settlement agreement, let me know and I will be glad to send it to you.

Karen Stetson

Karen L. Stetson
Shareholder
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Main: 305-416-6880 | Fax: 305-416-6887
Email: karen.stetson@gray-robinson.com<mailto:karen.stetson@gray-robinson.com>
GRAY | ROBINSON<http://gray-robinson.com/>
ATTORNEYS AT LAW<http://www.gray-robinson.com/>

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

## AMENDMENT TO MEDIATION SETTLEMENT AGREEMENT
## DATED JULY 23, 2009

This Amendment to the Settlement Agreement dated July 23, 2009 is made and entered this **27** day of January, 2010, by and between Pandisc Music Corp. ("Pandisc"), Whooping Crane Music, Inc. ("Whooping Crane"), 321 Music LLC ("321"), Tony Butler ("Tony"), Warner/Chappell Music, Inc. ("Warner"), Atlantic Recording Corporation ("Atlantic") Artist Publishing Group, LLC ("Artist"), and Robert Crane ("Crane").

### RECITALS

WHEREAS, on July 23, 2009, the parties hereto entered into a Mediation Settlement Agreement along with Garfield Baker and Byron Smith ; and

WHEREAS, Pandisc, Whooping Crane, Crane (the "Pandisc Parties"), 321 and Tony (the "321 Parties") and Warner, Atlantic and Artist (the "Warner Parties") seek to amend the Mediation Settlement Agreement in certain respects as it pertains to them only and not to Baker or Smith; and

WHEREAS, the parties to this Agreement now desire to resolve all issues and conflicts raised in the post-settlement motions;

NOW, THEREFORE, in consideration of good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each party to the other, the parties, intending to be legally bound, do hereby agree as follows:

### AGREEMENT

1.      Pandisc and Whooping Crane warrant and represent that they have not entered into any licenses of the master sound recordings described in paragraph 5 of the Settlement Agreement (the "Masters") since the date of the Settlement Agreement, July 23, 2009.

*Plaintiff's Exhibit "D"*

2.       Pandisc has notified the following entities to remove the Masters from electronic distribution or downloading:  iTunes; Emusic; I.O.D.A., Rhapsody and Amazon.

Pandisc has notified its distributor, Koch Entertainment, to cease all sale of hard copy CD's containing the Masters.

Pandisc has notified Amazon to remove the sale of hard copy CD's containing the Masters from the Pandisc "store" on Amazon.

Pandisc has removed the CD's containing the Masters from its website.

Pandisc has directed in writing that all future royalties received from prior licenses regarding the Masters be paid to Richard Wolfe as Escrow Agent in accordance with paragraph 16 of the Settlement Agreement.  Pandisc will provide Richard Wolfe with copies of the letters regarding the prior licenses within 7 days.  Richard Wolfe, 321 and/or Butler are free to obtain confirmation of the licensees' receipt of the notices from the licensees.  Pandisc and Whooping Crane represent that they have not been paid any monies regarding third party licenses for the period after July 23, 2009.

Pandisc and Whooping Crane are not required to take any further action with regard to the removal of the Masters for electronic distribution, ceasing the sale of hard copy CDs or notifications regarding prior licenses.

Based upon the foregoing representations, 321 and Tony release Pandisc and Whooping Crane from any liability regarding the sale or distribution of the Masters, through electronic distribution or downloading, as hard copy CDs and prior third party licenses, including as set forth on the various websites attached as composite Exhibit A which are a part of this release.

3.      321 and Tony agree to pay Whooping Crane the sum of $8,000 for royalties due to Whooping Crane for the period ending June 30, 2009 as a result of the use of "Jam the Box" in the song "In the Ayer." 321 and Tony hereby instruct Warner to pay such sum and authorize Warner to charge back the $8,000 to 321 and/or Tony. Warner shall make this payment within 20 days of full execution of this Amendment.

321 and Tony agree that effective July 1, 2009 and continuing into the future, Warner shall pay Whooping Crane its pro rata 25% share of the publisher's share of royalties for use of "Jam the Box" in the song "In the Ayer" and that Warner is authorized to charge back such sums to 321 and/or Tony.

4.      321 and Tony agree that effective January 1, 2009 and continuing into the future, Warner shall pay Whooping Crane its 25% share of the publisher's share of royalties due pursuant to paragraphs 8 (as amended herein) and 10 of the Settlement Agreement and shall be paid its 48.5% share of the publisher's share of royalties due pursuant to paragraph 7 (as amended herein) and 10 of the Settlement Agreement for the licensed sampling and/or interpolation of the songs identified in paragraphs 7 and 8 (as amended herein) of the Settlement Agreement, with the exception of the sample/interpolation of "Jam the Box" as used in "In the Ayer" regarding the time period from 1/1/09 to 6/30/09, which is addressed separately in paragraph 3 of this Amendment.

Schedule A attached herein includes a final list of the songs that contain such licensed samples and/or interpolations, the relevant terms of the licenses and the effective date for the payment to Whooping Crane, Garfield and Byron as provided in this paragraph. Whooping Crane shall not be entitled to a share of any income received by Warner in connection with the scheduled compositions prior to January 1, 2009.

To the best of its knowledge, Whooping Crane has not received any mechanical royalties for the use of the song "Don't Stop the Rock" in the song "Muevelo" for the time period January 1, 2009 through June 30, 2009. Should Whooping Crane currently hold or receive any mechanical royalties for the use of the song "Don't Stop the Rock" in the song "Muevelo" in the future, Whooping Crane agrees to immediately remit such sums to Warner, who will in turn distribute it in accordance with this Agreement.   Whooping Crane agrees to notify, direct and authorize all licensees of the sampled/interpolated works identified on Schedule A hereto to commence paying Warner royalties earned as a result of those licenses in accordance with the Artist Agreement and Schedule A hereto.

321 and Tony hereby authorize Warner to charge back to 321 and/or Tony any payments provided in this paragraph to the extent payments for such samples and /or interpolations were already made to 321 and /or Tony.   321 and Tony hereby warrant and represent that they have not issued any licenses for the use of any of the works identified on Schedules A and B hereto prior to inception of the Artist Agreement.

5.     The parties agree that Schedule B attached herein accurately lists the songs subject to this agreement and the corresponding writers and publisher splits.

6.     The parties agree that Warner is not responsible for paying any party with respect to any musical work not listed on Schedules A or B hereto which existed as of this date. Warner is responsible to pay the parties in accordance with this Agreement regarding the use of the songs set forth in paragraphs 7 and 8 (as amended) of the Settlement Agreement with respect to any future licensed sampling and/or interpolation of said songs as granted by Warner pursuant to the terms of the Artist Agreement.

7.    The Settlement Agreement is amended to remove the song "They're Playing Our Song" and "Stay in Love with Me"[1] from paragraph 7 of the Settlement Agreement. The publishing rights regarding "They're Playing Our Song" and "Stay in Love with Me" will be administered by Whooping Crane under the 1992 agreement referenced in paragraph 1 of the Settlement Agreement. Warner is relieved prospectively of all obligations to administer or make payments for royalties earned from "They're Playing Our Song" and "Stay in Love with Me." However, with respect to any royalties currently held by Warner earned from "They're Playing Our Song" and "Stay in Love with Me," Warner is hereby directed by 321 and Butler to provide said sums to Whooping Crane for administration after deduction for Warner's administration fee regarding said sums currently held.   Whooping Crane hereby agrees to indemnify Warner for any loss incurred, including defense costs, as the result of any failure by Whooping Crane to make any payments prospectively from the date of this Agreement for royalties earned from "They're Playing Our Song" and/or "Stay in Love with Me."

8.    The song "Party has Just Begun" is added to the songs set forth in paragraph 8 of the Settlement Agreement.

9.    Warner shall provide 321 and Whooping Crane with an adjusted Royalty Statement for the royalty period ending June 30, 2009 by February 26, 2010.  If 321 or Whooping Crane has any questions regarding their respective statement, they will present such questions to Warner in writing, and the parties shall make a good faith expeditious effort to resolve the questions.  Warner shall continue to account and pay Whooping Crane in accordance with the Settlement Agreement and this Amendment for all publishers' share of royalties due hereunder including but not limited to, internet sales, downloads sales for ringtones as well as royalties for sampling, interpolation and synchronizations.  Warner shall pay Whooping Crane its

---

[1] Incorrectly identified as "Stay in Here with Me" in the Settlement Agreement.

publishers' share of royalties due under the Settlement Agreement and this Addendum with regard to any future advances made to 321, which the parties agree is 19.4% of any such future advances.

      10.    All other terms of the Settlement Agreement not modified herein remain in full force and effect.

      11.    The parties shall request that the Court retain jurisdiction to enforce the Settlement Agreement and this Amendment.  However, the parties agree to mediate any dispute concerning the Settlement Agreement or this Amendment as a precondition to seeking relief from the Court, unless the parties agree in writing to waive the mediation requirement regarding a particular dispute.

      12.    Pandisc and Whooping Crane acknowledge Warner's right to make deductions permitted under the Artist Agreement prior to any distribution of royalties pursuant to the Settlement Agreement and Amendment, including Warner's administration fee as contained in the Artist Agreement.  Further, Pandisc and Whooping Crane acknowledge that Warner has no obligation to seek their permission or consent to license any of the musical works that are subject to the Artist Agreement.

      13.    Each of the parties hereto has, prior to the execution of this Amendment, reviewed Schedules A and B hereto, and represent that Schedule A identifies all instances of sampling/interpolations of any of the works identified on Schedule B to each of the party's best information and belief.

      14.    In consideration of the promises made in the Settlement Agreement and amendment thereto, Pandisc and Whooping Crane each hereby release, relieve, and discharge Warner, Atlantic and Artist, and each of them, and their present and former principals, officers,

directors, shareholders, members, employees, agents, advisors, attorneys and representatives, and all parents, subsidiaries, affiliates, predecessors, successors and assigns, personal representatives, executors, and heirs of any of the foregoing, and each of them, of and from any and all claims, counterclaims, demand, obligations, actions, causes of action, suits, debts, contracts, promises, or controversies, in law or in equity, arising out of or in connection with, or which were or could have been raised in Case No. 09-20505 CIV-Moreno/Torres, United States District Court for the Southern District of Florida, from the beginning of the world to the day of these presents with the express exception of all obligations under the Settlement Agreement and this Addendum which are not released and remain in full force and effect.

   15. This Agreement may be executed and delivered in counterparts any of which shall be an original and all of which shall constitute one agreement.   A signature transmitted by electronic mail or by fax shall have the same effect as an original signature.

        321 Music LLC


        By:_____
          Tony Butler, its President


        _____
        Tony Butler

        Pandisc Music Corp.

        By:_____
          Robert Crane, its President


        Whooping Crane Music Corp

        By:_____
          Robert Crane, its President

_____
Robert Crane

**Warner/Chappell Music, Inc.**

By:_____
       Karen L. Stetson, Counsel


**Atlantic Recording Corporation**


By:_____
       Karen L. Stetson, Counsel


**Artist Publishing Group, LLC**


By:_____
       Karen L. Stetson, Counsel

# 197032 v1

shareholders, members, employees, agents, advisors, attorneys and representatives, and all parents, subsidiaries, affiliates, predecessors, successors and assigns, personal representatives, executors, and heirs of any of the foregoing, and each of them, of and from any and all claims, counterclaims, demand, obligations, actions, causes of action, suits, debts, contracts, promises, or controversies, in law or in equity, arising out of or in connection with, or which were or could have been raised in Case No. 09-20505 CIV-Moreno/Torres, United States District Court for the Southern District of Florida, from the beginning of the world to the day of these presents with the express exception of all obligations under the Settlement Agreement and this Addendum which are not released and remain in full force and effect.

15.     This Agreement may be executed and delivered in counterparts any of which shall be an original and all of which shall constitute one agreement.   A signature transmitted by electronic mail or by fax shall have the same effect as an original signature.

321 Music LLC

By_____
         Tony Butler, its President

Tony Butler

Pandisc Music Corp.

By_____
         Robert Crane, its President

Whooping Crane Music Corp

By_____
         Robert Crane, its President

{97360013631.1}7



_____
Robert Crane

Warner/Chappell Music, Inc.

By: _Karen L. Stetson_____
Karen L. Stetson, Counsel


Atlantic Recording Corporation

By: _Karen L. Stetson_____
Karen L. Stetson, Counsel


Artist Publishing Group, LLC

By: _Karen L. Stetson_____
Karen L. Stetson, Counsel


# 197032 v1

{9736\00136514.1} 8



### SCHEDULE A

| | | | | |
|---|---|---|---|---|
| In the Ayer<br><br>(samples and/or interpolates "Jam the Box") | Butler<br><br>Adams<br>Dillard | 50%<br><br>25%<br>25% | 321<br>WC<br>Cherry River<br>Sony/ATV | 75%<br>25% (eff. 7/09 and $8,000 for the period prior to 7/09)<br><br>(of 50%) |
| Muevelo<br><br>(samples and/or interpolates "Don't Stop the Rock") | Butler<br>Byron<br>Garfield<br><br>Cruz<br>Sifuentes<br>Gomez | 37.5%<br>18.75%<br>18.75%<br><br>10.00%<br>10.00%<br>5.00% | 321<br>WC<br>Garfield & Byron<br><br>CKJointz Music<br>CKJointz Music<br>Nawasha Networks Pub. | 37.5%<br>48.5% (eff. 4/1/09)<br>14% (eff. 7/08)<br><br>(of 50%) |
| Drop the Boom<br><br>(samples and/or interpolates "Don't Stop the Rock") | Butler<br>Byron<br>Garfield<br><br>Cantor<br>Griffin<br>Harvey<br>Morales | 16.67%<br>8.33%<br>8.33%<br><br>28.34%<br>5.00%<br>28.33%<br>5.00% | 321<br>WC<br>Garfield & Byron<br><br>Unknown<br>Unknown<br>Unknown<br>Unknown | 37.5%<br>48.5% (eff. 1/1/09)<br>14% (eff. 7/08)<br><br>(of 33.33%) |
| Fuego<br><br>(samples and/or interpolates "When I Hear Music" performed by Debbie Deb and written by Tony Butler) | Butler<br><br>Crooms<br>Perez<br>Scott | 50.00%<br><br>12.50%<br>25.00%<br>12.50% | 321<br>WC<br>Collipark Music<br>EMI Blackwood<br>Unknown | 75%<br>25% (eff. 1/1/09)<br><br>(of 50%) |
| Keep It Crunk<br><br>(samples and/or interpolates "The Party Has Begun" by Freestyle) | Butler<br><br>Jones | 50.00%<br><br>50.00% | 321<br>WC<br>Unknown | 75%<br>25% (eff. 1/1/09)<br><br>(of 50%) |

**SCHEDULE A (PAGE 2)**

| | | | | |
|---|---|---|---|---|
| Another Weekend Remix<br><br>(samples and/or interpolates "Family Affair" by Sylvester Stewart and "Lookout Weekend" written by Tony Butler and performed by Debbie Deb) | Butler<br><br>Stewart<br>Adams<br>Pineda<br>Gomez | 33.33%<br><br>60.00%<br>4.45%<br>1.11%<br>1.11% | 321<br>WC<br>WCM<br>Will I. Am Music<br>Jeepney Music<br>Nawasha<br>Networks Pub. | 75%<br>25% (eff. 1/1/09)<br><br>(of 33.33%) |
| Weekends<br><br>(samples and/or interpolates "Family Affair" by Sylvester Stewart and "Lookout Weekend" written by Tony Butler and performed by Debbie Deb) | Butler<br><br>Stewart<br>Adams<br>Pineda<br>Gomez | 33.33%<br><br>60.00%<br>4.45%<br>1.11%<br>1.11% | 321<br>WC<br>WCM<br>Will I. Am Music<br>Jeepney Music<br>Nawasha<br>Networks Pub. | 75%<br>25% (eff. 1/1/09)<br><br>(of 33.33%) |

## SCHEDULE B

| Compositions | Writers Share | Split (all from 7/08) | Publishers Share | Split (of publishing controlled by Warner only) |
|---|---|---|---|---|
| Don't Stop My Love | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| Can't Get Enough | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| All Night | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| It's Automatic | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| Don't Stop the Rock | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| How Can We Be Wrong | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| I'll Be All You Ever Need | Butler Byron Garfield | 50% 25% 25% | 321 WC Garfield & Byron | 37.5% 48.5% (eff. 1/1/09) 14% (eff. 7/08) |
| I Know You Love Me | Butler | 100% | 321 WC | 75% 25% (eff. 1/1/09) |
| Lookout Weekend | Butler | 100% | 321 WC | 75% 25% (eff. 1/1/09) |
| When I Hear Music | Butler | 100% | 321 WC | 75% 25% (eff. 1/1/09) |
| Jam the Box | Butler | 100% | 321 WC | 75% 25% (eff. 1/1/09) |
| Everybody's Jammin' | Butler | 100% | 321 WC | 75% 25% (eff. 1/1/09) |

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 09-20505-CIV-MORENO

PANDISC MUSIC CORP., a Florida Corporation,
and WHOOPING CRANE MUSIC, INC., a
Florida Corporation,,

      Plaintiffs,

vs.

321 MUSIC, L.L.C. a Florida Limited Liability
Corporation, WARNER/CHAPPEL MUSIC,
INC., a Deleware Corporation, ATLANTIC
RECORDING CORPORATION, a Delaware
Corporation and ARTIST PUBLISHING GROUP,
L.L.C., a Delaware Limited Liability
Corporation,,

      Defendants.

_____/

## ORDER DENYING MOTIONS TO ENFORCE THE SETTLEMENT AGREEMENT AND ORDER DENYING MOTIONS FOR SANCTIONS FOR VIOLATING SETTLEMENT AGREEMENT

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

Case law is clear that unless the court reserves jurisdiction to enforce the terms of the settlement agreement in the dismissal order, courts do not have jurisdiction to enforce a breach of contract claim unless there is a basis for independent federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am*, 511 U.S. 375 (1994); *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003); *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320-21 (11th Cir. 2002). Here, the Court entered a dismissal order "with prejudice in accordance with the settlement agreement" that specifically stated that the "Court shall retain jurisdiction to

Plaintiffs Exhibit "E"

enforce the terms of the settlement agreement if it is filed in its entirety by August 28, 2009." (D.E. No. 45.) The parties failed to file the settlement agreement within that time, and therefore, this Court does not have jurisdiction to enforce the settlement agreement.

In *Kokkonen*, the Supreme Court held that the District Court lacked jurisdiction to enforce the parties' settlement agreement. *See* 511 U.S. at 377-81. Specifically, the Court found that enforcement of the settlement agreement either "through the award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Although this Court had original federal subject matter jurisdiction over the initial suit, the current dispute over the enforcement of the settlement agreement is a contract issue, and not one that provides an independent source for federal jurisdiction. To enforce the settlement agreement, the Court would need to resolve facts arising from the alleged breach of contract which are separate facts from the original suit. *See id.* at 81. Moreover, the dismissal Order did not specifically incorporate the parties' settlement agreement, nor expressly retain jurisdiction to enforce it, and therefore, the Court does not have jurisdiction to enforce the settlement agreement. *See e.g.*, *Fox v. Batmasian*, No. 08-80250, 2010 U.S. Dist. LEXIS 19330, at *3 (S.D. Fla. Mar. 4, 2010). Thus the Court denies all motions seeking to enforce the settlement agreement and all motions for sanctions for violating the settlement agreement for lack of jurisdiction. Accordingly, it is

**ADJUDGED that:**

(1) Plaintiff Whooping Crane's Motion to Enforce Settlement Agreement (D.E. No. 47) is DENIED.

(2) Plaintiff Whooping Crane's Motion for Sanctions for violating the Settlement Agreement

-2-

(D.E. No. 48) is DENIED.

(3) Intervenors' Motion to Compel Settlement Agreement (D.E. No. 50) is DENIED

(4) Intervenors' Motion for Sanction for violations of Settlement Agreement (D.E. No. 51) is DENIED.

(5) Defendant 321 Music's Motion to Enforce Settlement Agreement (D.E. No. 55) is DENIED.

(6) Intervenors' Motion to Join Hearing for Plaintiff's Motion to Enforce Settlement Agreement (D.E. No. 54) is DENIED AS MOOT as hearing already took place.

(7) Plaintiff's Motion for Clarification of Order Setting Hearing (D.E. No. 58) is DENIED AS MOOT as hearing already took place.

(8) Defendants' Motion for Extension of Time to File Pretrial Stipulation (D.E. No. 77) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of July, 2010.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-3-

Cadbury Eyebrows (official version) - YouTube

Page 1 of 3



cadbury eyebrows

Upload    gmusiccast_67@gmail.com



## Cadbury Eyebrows (official version)

glassandahalffull   50 videos

10,622,695

6,260    33,389    2,092

Like                    About    Share    Add to

**Uploaded on Jan 23, 2009**
Following hot on the heels of Glass and a Half Full Productions
Gorilla and Trucks we are back with yet another feat of
ridiculousness and joy.

Try as you may, we bet you will be trying to recreate this ad in the
                                Show more

ALL COMMENTS (16,627)

 Share your thoughts

Top comments

 **Yvette Sherwood** via Google+   3 months ago
just in case you forget, eyebrows are for being eyebrows and not for busting a move

still, cool
  Reply    22

 **LMAOuncleDEMO**   4 months ago
wat dafuq 2009? i honestly came here from a vine that was probably made a few days
ago
  Reply    34

 **Rayla Opal**   1 week ago
... Whoever made this was on crack... and lots of it.
  Reply    4

 **Cadbury**    via Google+   2 years ago
We put a glass and a half of joy into each of our adverts... which is probably why they
were the thing you most requested for us to post! Can you match these impressive
eyebrow moves?
  Reply  ·  25

View all 2 replies

### Sidebar videos

 **Cadbury Dairy Milk - Zingolo
feat. Tinny (Full length - Official**
by glassandahalffull
709,980 views

 **Cadbury Dairy Milk Dance Off -
How to dance with The Cuban**
by glassandahalffull
227,639 views

 **Comic Relief Eyebrow Spoof**
by glassandahalffull
399,029 views

 **Cadbury Advert - Cadbury
Chocolate Charmer Ad (official**
by glassandahalffull
1,193,652 views

 **Cadbury Dancing Clothes (90
Second Charity Shop Online**
by glassandahalffull
446,413 views

 **Cadbury Dairy Milk: Thanks A
Million - How did we do it?**
by glassandahalffull
196,921 views

 **Cadbury Dairy Milk - The Not-So-
Secret Secret (Official TV Ad)**
by glassandahalffull
121,145 views

**Cadbury Dairy Milk: Chocolate
Sculptures in Covent Garden**
by glassandahalffull
45,178 views

**New Cadbury Advert by Glass
and a Half Full Productions:**
by glassandahalffull
61,033 views

**Cadbury Dairy Milk Caramel
Bunny - "Late"**
by glassandahalffull
40,324 views   0:46

**Cadbury builds the world's
biggest Formula 1 chocolate car**
by glassandahalffull
129,350 views   0:45

**Cadbury Dairy Milk Caramel
Bunny - "Postie"**
by glassandahalffull
102,476 views   0:32

**Cadbury Dairy Milk - Zingolo
feat. Tinny (Behind The Scenes)**
by glassandahalffull
98,586 views   1:02

**Cadbury Dancing Clothes
Official TV Ad - Whoomp (There**
by glassandahalffull
30,283 views   0:31

**Jivebrow09 Highlights**
by glassandahalffull
14,526 views   0:52

**Cadbury Dairy Milk Caramel
Bunny - "Hare and Tortoise"**
by glassandahalffull

*Plaintiffs Exhibit "F"*



eyebrow dance the ad show

Upload gmusicest67@gmail.com

# Eyebrow dance / Cadbury commercial

The Ad Show · 3,337 videos

SHOW 415,053

748,953

2,150 180

Like About Share Add to

**Uploaded on Oct 12, 2010**
A 2009 British commercial for Cadbury.

Let the music play... And the children dance !

Music track: "Don't stop the rock" by Freestyle.

Show more

ALL COMMENTS (930)

Share your thoughts

Top comments

**British_Guy_Gaming** 2 months ago
Wait this was 2009/2010? I remember as if this was yesterday, wow :D
Reply · 6

**Amaya Carlson** 1 month ago
This makes me NOT want to buy one... O.o
Reply ·

**carlaaaa96** 4 months ago
The boy in this is my brothers best friend, never get tired of making him do it for me hahha
Reply

**Sharks Quach** 2 months ago
Lol...like if you're watching this in 2014... :)
Reply 13

View all 3 replies

**Hector Castillo** 1 week ago
no shit? can you be watching this on 3921? fucking retard go to hell
Reply ·

**Sharks Quach** 6 days ago

**You Need To See This**
AD by Buzzquote.me
1,154,199 views

**Cadbury's - Wild gorilla drumming on Phil Collins**
by The Ad Show
833,808 views

**90's Thunderbirds dance: Rhythm is a Dancer**
by The Ad Show
44,008 views

**Pepsi ad with Shakira**
by The Ad Show
328,079 views

**Historic flashmob in Antwerp train station, do re mi**
by The Ad Show
15,185,565 views

**Top funny commercials 2013**
by funnymarketingideas
3,083,880 views

**The Cadbury's Eyebrow advert**
by Daily Echo
150,474 views

**Lily Allen Does the Cadbury Eyebrows | The Sunday Night**
by Channel 4
4,434,470 views

**How Cadbury Creme Eggs and Mini Eggs are made**
by Michael Nus
138,820 views

**"GANGNAM STYLE" EYEBROW DANCE Girl with a funny talent**
by Sarah Ellen
483,489 views

**Cadbury Gorilla - In The Air Tonight (Extended Mix)**
by DanJW83
4:28 1,519,514 views

**Never say no to Panda!**
by ap3116171
28,939,777 views
2:46

# iTunes Preview

Overview     Features     iTunes Charts

**iTunes is the world's easiest way to organize and add to your digital media collection.**

We are unable to find iTunes on your computer. To preview and buy music from *Don't Stop the Rock (Remastered)* by Freestyle, download iTunes now.

Already have iTunes? Click I Have iTunes to open it now.



 Free Download

## Don't Stop the Rock (Remastered)

**Freestyle**

Open iTunes to preview, buy, and download music.

View More by This Artist



**$7.92**

Genres: Dance, Music, Electronic, Techno, Hip-Hop/Rap, Hip-Hop
Released: Jul 22, 1997
℗ 2007 Essential Media Group

### Customer Ratings

57 Ratings

### Followers

Freestylers
Autechre
Bass Junkie
Cybernet Systems

### Contemporaries

Battle Systems
2 Live Crew
DJ Magic Mike
Man Parrish

| | Name | Artist | | Time | Price | |
|---|---|---|---|---|---|---|
| 1 | Don't Stop the Rock | Freestyle | | 5:30 | $0.99 | View In iTunes |
| 2 | Don't Stop the Rock (Instr... | Freestyle | | 5:30 | $0.99 | View In iTunes |
| 3 | It's Automatic | Freestyle | | 5:55 | $0.99 | View In iTunes |
| 4 | It's Automatic (Instrument ... | Freestyle | | 5:38 | $0.99 | View In iTunes |
| 5 | Freestyle Express | Freestyle | | 7:27 | $0.99 | View In iTunes |
| 6 | Freestyle Express (Instru... | Freestyle | | 7:35 | $0.99 | View In iTunes |
| 7 | The Party Has Begun | Freestyle | | 6:33 | $0.99 | View In iTunes |
| 8 | The Party Has Begun (Inst .. | Freestyle | | 6:24 | $0.99 | View In iTunes |

8 Songs

### Customer Reviews

**no way!!!!!**
by jamSkateat8

I freakin remember the dj sayin "all right skaters its jam skate at 8 slower people on the inside , faster people on the outside " oh hell yea, I had the most badass quads

**First!!!!**
by TheRiveras

This collection is what im talking about baby!!!!

**Don't stop the rock!!**
by GhostMonkey08

These are some of the best skating or dance songs ever!! We play these all the time at our skating rink=)

### Biography

**Genre:** Electronic
**Years Active:** '80s, '00s

One of the most prolific and influential of the '80s electro artists, Miami –based producer Tony Butler recorded a string of popular club tracks on Power/Jam Packed and his own Music Specialist label in the mid-'80s, helping build the electro legacy that would give birth to Miami-style bass music and freestyle (named after Butler's primary

*Plaintiffs Exhibit "G"*



Mac
iPod
iPhone
iPad
iTunes
. Support

# iTunes Preview

What's New          What is iTunes



### iTunes is the world's easiest way to organise and add to your digital media collection.

We are unable to find iTunes on your computer. To preview and buy music from *Don't Stop the Rock – EP* by Freestyle, download iTunes now.

Do you already have iTunes? Click I Have iTunes to open it now.     

iTunes 11
For Mac + PC

Free Download ○

---

# Don't Stop the Rock – EP

View More By This Artist

### Freestyle

Open iTunes to preview, buy and download music.



| | Name | Artist | Time | Price | |
|---|---|---|---|---|---|
| 1 | Don't Stop the Rock (Radi... | Freestyle | 3:41 | 1,29 € | View In iTunes ▸ |
| 2 | Don't Stop the Rock | Freestyle | 5:26 | 0,99 € | View In iTunes ▸ |
| 3 | Don't Stop the Rock (Frida... | Freestyle | 5:12 | 0,99 € | View In iTunes ▸ |

3 Songs

View In iTunes

**2,99 €**

Genres: **Dance, Music, Electronic, Techno, Hip–Hop/Rap, Hip–Hop**
Released: 30 October 1989
℗ 2009 Countdown Music Group, Inc. under exclusive licence to Universal Music TV, a division of Universal Music Operations Limited

### Biography

Genre: Electronic
Years Active: '80s, '90s

One of the most prolific and influential of the '80s electro artists, Miami-based producer Tony Butler recorded a string of popular club tracks on Power/Jam Packed and his own Music Specialist label in the mid-'80s, helping build the electro legacy that would give birth to Miami-style bass music and freestyle (named after Butler's primary pseudonym), as well as influence '90s post-techno artists such as Autechre and Biochip C. Butler's earlier tracks under his own name are all electro classics, with...

Full bio

## Top Albums and Songs by Freestyle





## Customer Ratings

We have not received enough ratings to display an average for this album.

## Followers

Freestylers
Autechre
Bass Junkie
Cybernet Systems

## Contemporaries

Battle Systems
2 Live Crew
Cybotron
DJ Magic Mike
Man Parrish


1. Don't Stop the R...
View In iTunes ▸


2. Don't Stop the R...
View In iTunes ▸


3. Don't Stop the R...
View In iTunes ▸


4. Don't Stop The R...
View In iTunes ▸


5. Don't Stop The R...
View In iTunes ▸

| | Name | Album | Time | Price | |
|---|---|---|---|---|---|
| 1 | Don't Stop the Rock | Don't Stop the Rock (Rem... | 5:30 | 0.99 € | View In iTunes ▸ |
| 2 | Don't Stop the Rock (Instr... | Don't Stop the Rock (Rem... | 5:30 | 0.99 € | View In iTunes ▸ |
| 3 | It's Automatic | Don't Stop the Rock (Rem... | 5:55 | 0.99 € | View In iTunes ▸ |
| 4 | The Party Has Begun | Don't Stop the Rock (Rem... | 6:33 | 0.99 € | View In iTunes ▸ |
| 5 | Freestyle Express | Don't Stop the Rock (Rem... | 7:27 | 0.99 € | View In iTunes ▸ |
| 6 | The Party Has Begun (Inst... | Don't Stop the Rock (Rem... | 6:24 | 0.99 € | View In iTunes ▸ |
| 7 | Freestyle Express (Instru... | Don't Stop the Rock (Rem... | 7:35 | 0.99 € | View In iTunes ▸ |
| 8 | It's Automatic (Instrument... | Don't Stop the Rock (Rem... | 5:38 | 0.99 € | View In iTunes ▸ |
| 9 | Don't Stop the Rock (Radi... | It's Like That! | 3:41 | 1.29 € | View In iTunes ▸ |
| 10 | Summer Delight | Don't Stop the Rock: The ... | 6:04 | 0.99 € | View In iTunes ▸ |

## Listeners Also Bought


She's Back
Debbie Deb
View In iTunes ▸


The Tommy Boy St...
Various Artists
View In iTunes ▸


Hits Anthology, V...
Stevie B
View In iTunes ▸


Hits Anthology
Lil Suzy
View In iTunes ▸


The Cover Girls: G...
The Cover Girls
View In iTunes ▸

 iTunes

**iTunes**
Download iTunes
What's New?
What is iTunes?

**More iTunes**
Digital Music Basics
iTunes Gifts
iTunes U
iPod + iTunes Support
AirPlay
Accessibility

**Working with iTunes**
Sell Your Content
Content Providers
Market with iTunes
Join the Affiliate Programme
Link to iTunes

**iTunes Store**
Browse iTunes Store
Browse App Store
Buy Music Now
Buy iTunes Gift Cards
Redeem iTunes Gift Cards
Free Single of the Week

Shop at the Apple Online Store, call 1800 92 38 98 or find a retailer.

Apple Info    Site Map    Hot News    RSS Feeds    Contact Us

Copyright © 2013 Apple Inc. All rights reserved.    Terms of Use    Privacy Policy    Use of Cookies

# iTunes Preview

Overview     Features     iTunes Charts

## Trinere Anthology: The Complete Hits Collection`

**Trinere**                                                                      View More by This Artist

Open iTunes to preview, buy, and download music.



**Partial Album**

Genres: Electronic, Music,
R&B/Soul, Dance, Hip-Hop/Rap,
Rap
Released: Apr 12, 2005
℗ 2005 Pandisc

### Customer Ratings

17 Ratings

### Contemporaries

Ohio Players
Cymande
Bloodstone
Nayobe
Giggles
Expose
Miami
Osibisa

|   | Name | Artist | Time | Price | |
|---|------|--------|------|-------|---|
| 1 | They're Playing Our Song | Trinere | 4:12 | $0.99 | View In iTunes |
| 7 | Alone At Last | Trinere | 3:40 | $0.99 | View In iTunes |
| 8 | Stay In Love With Me | Trinere | 3:46 | $0.99 | View In iTunes |
| 10 | In and Out | Trinere | 4:07 | $0.99 | View In iTunes |
| 11 | Night Life | Trinere | 3:56 | $0.99 | View In iTunes |
| 1 | I'm in Love Again | Trinere | 4:18 | $0.99 | View In iTunes |
| 2 | Rockin' to the Rhythm | Trinere | 4:30 | $0.99 | View In iTunes |
| 3 | I Have Finally Found Some… | Trinere | 3:55 | $0.99 | View In iTunes |
| 4 | Boy You're the One | Trinere | 2:39 | $0.99 | View In iTunes |
| 5 | I Wanted You | Trinere | 4:21 | $0.99 | View In iTunes |
| 6 | In Two Places | Trinere | 4:23 | $0.99 | View In iTunes |
| 7 | No Matter What the Weather | Trinere | 4:32 | $0.99 | View In iTunes |
| 8 | I Wanted You (R&B Remix) | Trinere | 4:02 | $0.99 | View In iTunes |
| 9 | Trinere Hits Mega Mix | Trinere | 3:36 | $0.99 | View In iTunes |

14 Songs

## Customer Reviews

**Trinere: One of The Greatest Female Freestyle Artists of All Time**
by luckyheredia

I absolutely love Trinere's songs. I like "They're Playing Our Song", "I'll Be All You Ever Need", and "How Can Be
Wrong." Trinere is one of the greatest female freestyle artists of all time. I absolutely recommend Trinere to a
freestyle music fan or a fan of Trinere's great music. Download & Enjoy!

**Oldschool**
by joe erick

This is for all of class of 88. it's just amazing to hear these songs again, it takes you back to all of the oldscool flyer
parties, makes you just what to get up and do the runnig man !!!!!!!

**Trinere**
by ETG

by far has to be considered one of the greatest club mix album artists of all time

## Biography

**Genre:** Dance
**Years Active:** '80s, '90s

A dance/disco band that recorded a handful of singles for Jam Pack from 1985-1987, none of them ever moving
beyond the lower depths of the R&B chart, except for "I'll Be…

Full Bio

## Top Albums and Songs by Trinere

    

1. All Night (Remas...   2. Trinere (Remaste...   3. Trinere Antholog...   4. Celebrating 10   5. Forever Yours
View In iTunes      View In iTunes        View In iTunes         View In iTunes    View In iTunes

| | Name | Album | Time | Price | |
|---|---|---|---|---|---|
| 1 | They're Playing Our Song | Trinere Anthology: The C... | 4:12 | $0.99 | View In iTunes |
| 2 | I'll Be All You Ever Need | All Night (Remastered) | 5:24 | $0.99 | View In iTunes |
| 3 | I Know You Love Me | All Night (Remastered) | 5:29 | $0.99 | View In iTunes |
| 4 | I'll Be All You Ever Need | Freestyle Mega Hits, Vol. 3 | 4:06 | $1.29 | View In iTunes |
| 5 | When I Hear Music | Freestyle Mega Hits, Vol. 3 | 5:39 | $1.29 | View In iTunes |
| 6 | How Can We Be Wrong | All Night (Remastered) | 5:47 | $0.99 | View In iTunes |
| 7 | They're Playing Our Song | All Night (Remastered) | 5:35 | $0.99 | View In iTunes |
| 8 | Trinere Hits Mega Mix | Trinere Anthology: The C... | 3:36 | $0.99 | View In iTunes |
| 9 | I'll Be All You'll Ever Need | Celebrating 10 | 4:04 | $1.29 | View In iTunes |
| 10 | I Know You Love Me | Freestyle Mega Hits, Vol. 3 | 4:01 | $1.29 | View In iTunes |

### Listeners Also Bought

    

She's Back        This Is Freestyle    Freestyle's Best Ex...   The Cover Girls: G...   Freestyle's Best Ex...
Debbie Deb        Various Artists      Various Artists          The Cover Girls         Various Artists
View In iTunes    View In iTunes       View In iTunes           View In iTunes          View In iTunes

 **iTunes**
Like 31,834,706

 **App Store**
Like 9,322,056

Become a fan of the iTunes and App Store pages on Facebook for exclusive offers, the
inside scoop on new apps and more.

**iTunes**

| **iTunes** | **More iTunes** | **Working with iTunes** | **iTunes Store** |
|---|---|---|---|
| Download iTunes | Digital Music Basics | Overview | Browse iTunes Store |
| Features | iTunes Gifts | Enhance Your Content | Browse App Store |
| iTunes Charts | iTunes U | Sell Your Content | Buy Music Now |
| | iPod + iTunes Support | Market with iTunes | Buy iTunes Gift Cards |
| | AirPlay | Link to iTunes | Redeem iTunes Gift Cards |
| | Accessibility | | iTunes Corporate Sales |
| | | | Free Single of the Week |

Shop the Apple Online Store (1-800-MY-APPLE), visit an Apple Retail Store, or find a reseller.

Apple Info | Site Map | Hot News | RSS Feeds | Contact Us  

Copyright © 2014 Apple Inc. All rights reserved. Terms of Use | Privacy Policy



Gee larger Image (with zoom)

**They're Playing Our Song**

Trinere

From the Album Trinere & Friends Greatest Hits

June 29, 2012

Be the first to review this item

$0.99

Safe Storage for Your Music
Import up to 250,000 songs

› Learn more

| Song Title | Time | |
|---|---|---|
| ▶ They're Playing Our Song | 4:17 | $0.99 |

Sold by Amazon Digital Services, Inc. Additional taxes may apply. By placing your order, you agree to our Terms of Use.

Amazon.com: They're Playing Our Song: Trinere: MP3 Downloads                                    Page 2 of 3

## Product Details

**Original Release Date:** June 29, 2012

**Label:** Pandisc

**Copyright:** (c) 2012 Pandisc Music Corp.

**Duration:** 4:17 minutes

**Genres:**

Dance & Electronic                                                                      Cloud Player            MP3 cart

**ASIN:** B008HASTJY

**Average Customer Review:** Be the first to review this item

**Amazon Best Sellers Rank:** #313,789 Paid in MP3 Songs (See Top 100 Paid in MP3 Songs)

## Customer Reviews

There are no customer reviews yet.

5 star                    Share your thoughts with other customers
4 star
3 star                    Write a customer review
2 star
1 star

amazon Prime

Get one year of Amazon P
**plus 100 Reward Dollars**
your new Blue Cash Prefe
from American Express.

Learn How

### Your Recently Viewed Items and Featured Recommendations

You
viewed 

> View or edit
your browsing
history

See personalized
s

New customer? Start

Continue Shopping: Customers Who Bought Items in Your Recent History Also Bought


Point Of No Return (7"
Version)
Exposé
★★★★☆ (4)
MP3 Download
$0.99


Spring Love
Stevie B
★★★★★ (4)
MP3 Download
$1.29


When I Hear Music
Debbie Deb
★★★★★ (3)
MP3 Download
$0.99


Fascinated
Company B
★★★★★ (2)
MP3 Download
$1.29


Sending All My Love (LP
Version)
Linear
★★★★★ (3)
MP3 Download
$1.29

| Get to Know Us | Make Money with Us | Amazon Payment Products | Let Us Help You |
|---|---|---|---|
| Careers | Sell on Amazon | Amazon.com Rewards Visa Card | Your Account |
| Investor Relations | Become an Affiliate | Amazon.com Store Card | Shipping Rates & F |
| Press Releases | Advertise Your Products | Shop with Points | Amazon Prime |
| Amazon and Our Planet | Independently Publish with Us | Credit Card Marketplace | Returns & Replace |
| Amazon in the Community | › See all | Amazon Currency Converter | Manage Your Kindl |
| Fire TV – Amazon's Media Player | | | Help |

## amazon.com

Australia  Brazil  Canada  China  France  Germany  India  Italy  Japan  Mexico  Spain  United Kingdom

| | | | | | | |
|---|---|---|---|---|---|---|
| 6pm<br>Score Deals<br>on Fashion Brands | AbeBooks<br>Rare Books<br>& Textbooks | AfterSchool.com<br>Kids' Sports, Outdoor<br>& Dance Gear | Alexa<br>Actionable Analytics<br>for the Web | AmazonFresh<br>Groceries & More<br>Right To Your Door | Amazon Local<br>Great Local Deals<br>in Your City | AmazonSupply<br>Business, Industrial<br>& Scientific Supplies | Amazon Web Servic<br>Scalable Cloud<br>Computing Services |
| Audible<br>Download<br>Audio Books | BeautyBar.com<br>Prestige Beauty<br>Delivered | Book Depository<br>Books With Free<br>Delivery Worldwide | Bookworm.com<br>Books For Children<br>Of All Ages | Casa.com<br>Kitchen, Storage<br>& Everything Home | CreateSpace<br>Indie Print Publishing<br>Made Easy | Diapers.com<br>Everything<br>But The Baby | DPReview<br>Digital<br>Photography |



They're Playing Our Song
Trinere
From the Album Trinere (Digitally Remastered)
July 13, 2010

1 customer review

$0.99

GET OUR FREE AMAZON MUSIC APP

iPhone or iPod touch
> Get the app


Android phone
> Get the app


See larger image with zoom

| Song Title | Time | |
|---|---|---|
| ▶ They're Playing Our Song | 5:37 |  $0.99 |

Sold by Amazon Digital Services, Inc. Additional taxes may apply. By placing your order, you agree to our Terms of Use.

Product Details

**Original Release Date:** July 13, 2010

**Label:** Essential Media Group

**Copyright:** 2010 Essential Media Group LLC

**Duration:** 5:37 minutes

**Genres:**

Dance & Electronic

**ASIN:** B003UBOPIO

**Average Customer Review:**            (1 customer review)                    Cloud Player        MP3 cart

**Amazon Best Sellers Rank:** #189,322 Paid in MP3 Songs (See Top 100 Paid in MP3 Songs)

## Customer Reviews

                    (1)
5.0 out of 5 stars

| | |
|---|---|
| 5 star | 1 |
| 4 star | 0 |
| 3 star | 0 |
| 2 star | 0 |
| 1 star | 0 |

Share your thoughts with other customers

Write a customer review

See the customer review

### Most Helpful Customer Reviews

**The song is hot!!** July 2, 2013

By Al Williams

Amazon Verified Purchase

For some reason I never heard this song before when it was new. I love her music and I saw this while browsing through Amazon's mp3 songs. I was blown away when I heard this song.

Comment | Was this review helpful to you?   Yes    No

›See the customer review

Write a customer review

## What Other Items Do Customers Buy After Viewing This Item?

- Don't Stop The Rock  Freestyle | Format: **MP3 Music**  MP3 Download
  (1)
  $0.99

- Let The Music Play  Shannon | Format: **MP3 Music**  MP3 Download
  (6)
  $0.99

- Hooked On You ( LP Version  Sweet Sensation | Format: **MP3 Music**  MP3 Download
  (3)
  $0.99

- Lookout Weekend  Debbie Deb | Format: **MP3 Music**  MP3 Download
  (4)
  $0.99

› Explore similar items

## Your Recently Viewed Items and Featured Recommendations

See personalized recommendations

**Sign in**

New customer? Start here.

| Get to Know Us | Make Money with Us | Amazon Payment Products | Let Us Help You |
|---|---|---|---|
| Careers | Sell on Amazon | Amazon.com Rewards Visa Card | Your Account |
| Investor Relations | Become an Affiliate | Amazon.com Store Card | Shipping Rates & P |
| Press Releases | Advertise Your Products | Shop with Points | Amazon Prime |







Forever Yours                    PD-8812

CD - $11.98 1    Add

**Trinere**

Beautiful CD by Miami's Queen of Freestyle, Trinere. Album highlights
include "They're Playing Our Song" and "Stay In Love With Me".

| Track | Track Name | Artist |
|-------|------------|--------|
| 1 | I Wanted You | |
| 2 | Don't Stop My Love | |
| 3 | It's Time To Say Goodbye | |
| 4 | They're Playing Our Song | |
| 5 | Interlude (Instrumental) | |
| 6 | Forever Yours | |
| 7 | No Matter What The Weather | |
| 8 | In Two Places | |
| 9 | Stay In Love With Me | |
| 10 | I Wanted You (R&B Mix) | |

Release Date: November 25, 1990







Masters of Freestyle Vol. 4: The
Ultimate Freestyle Collection     PD-9030

CD - $11.98  1    Add



**Various Artists**

| Track | Track Name | Artist |
|-------|-----------|--------|
| 1 | Lookout Weekend | Debbie Deb |
| 2 | Show Me | Cover Girls |
| 3 | Bad Of The Heart | Loose Touch feat. George Lamond |
| 4 | Hooked On You | Sweet Sensation |
| 5 | If You Leave Me Now | Jaya |
| 6 | Baby Talk | Alisha |
| 7 | Catch Me I'm Falling | Pretty Poison |
| 8 | Let The Music Play | Shannon |
| 9 | Party Your Body | Stevie B |
| 10 | From This Moment On (Freestyle Radio Mix) | Shannon's Train |
| 11 | They're Playing Our Song | Trinere |
| 12 | Take Me In Your Arms | Lil Suzy |
| 13 | Died In Your Arms (Radio Mix) | Intonation feat. Joee |
| 14 | In Paradise | Laissez Faire |
| 15 | Best Friend's Boyfriend | Sunni |
| 16 | Funky Little Beat | Debbie Deb |
| 17 | Leave The Lights On | Monet & Nolan Thomas |
| 18 | Kisses In The Night | Brandon |

Release Date: April 27, 2004

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF FLORIDA

**Miami Division**
**CASE NO:**

GARFIELD BAKER and
BYRON SMITH

       Plaintiffs,

       v.

WARNER/CHAPPELL MUSIC, INC., a Delaware
Delaware Corporation, ATLANTIC RECORDING
CORPORATION,    a Delaware Corporation,
ARTIST PUBLISHING GROUP, L.L.C., a
Delaware Limited Liability Corporation,
KAREN STETSON, 321 ENTERTAINMENT,
INC., a Florida Corporation, COUNTDOWN MUSIC
a London Corporation, TONY BUTLER,
PANDISC MUSIC CORPORATION a Florida
Corporation, WHOOPING CRANE MUSIC, INC.,
a Florida Corporation, and ROBERT CRANE,

       Defendants.

_____/

STATE OF FLORIDA    )
             )SS
COUNTY OF MIAMI-DADE)

## PLAINTIFFS' DECLARATIONS IN SUPPORT OF COMPLAINT

1

Plaintiffs Exhibit "H"

I <u>Garfield Baker</u>,  declare under penalty of perjury that the foregoing is true and correct;

1.      I am over eighteen (18) years of age and make this declaration based upon my personal knowledge.

2.      I am a Broadcast Music Inc. ("BMI") affiliated songwriter and have been since 1985.

3.      Since the age of 17, I've been a professional songwriter and have written and composed various songs as a means of sustaining my livelihood.

4.      In January 1985, I was signed to the record label, Music Specialist which was co-owned by Defendant Tony Butler as a member of a band professionally known as "Freestyle". Plaintiff Byron Smith was also a member of this same band.

4.      Between 1984 and 1987 I co-wrote and composed eleven (11) particular songs which are the subject of this copyright infringement action in the Southern District of Florida, including "Don't Stop the Rock" and "They're Playing Our Song".

5.      My name appears as a songwriter on the original phonograph record labels and phonograph record sleeves for these eleven Musical Works.

6.      The songs were registered with the United States Copyright Office and with BMI reflecting my authorship between 1985 and 1987 by Jonathan Black acting as the filing agent.

7.      Plaintiff Byron Smith and Defendant Tony Butler of "321" along with myself are the original co-authors of said Musical Works.

8.      Between 1989 and 1991, Defendant Tony Butler, the principal owner of 321 Music Inc. was at that time the principal owner of C-Tan Music and Captain Productions, both Florida Corporation which was owned and/or controlled by Tony Butler.

9.      Defendant, Butler entered into a co-publishing administration agreement whereby Butler transferred in whole, copyrights of said Musical Works to Pandisc/ Whooping Crane, both Florida corporations which are owned and/or controlled by Robert Crane. This was done without my knowledge, authorization or consent. Further, Defendant Butler had no valid document which transferred or conferred my copyright ownership to

2

him.

10.    Defendants, Pandisc/Whooping Crane registered a claim of copyright in 1989 for songs which were co-written and owned by me absent of any valid document which transferred or conferred my copyright ownership to Pandisc/Whooping Crane. Whooping Crane's copyright registration filed in the United States Copyright Office on its face erroneously claims that the songs were originally published in 1989 and that the transfer of copyright claim in whole was granted to Pandisc/Whooping Crane by contract from Tony Butler.

11.    Defendants, Pandisc/Whooping Crane went on to exploit these Musical Works and to collect and disburse royalties for the exploitation and administration of such to my exclusion.

12.    In May of 2000, I and Byron Smith confronted Robert Crane at his office in Miami, FL regarding the fact that he had not paid us as much as $1 for the exploitation and administration of our copyright. At that time, Robert Crane advised us that he obtained the rights to our musical works from Butler. Robert Crane was then advised directly by Jonathan Black ("Black") that he "Black" had personally registered the copyright in 1985 in favor of Plaintiffs, Garfield Baker and Byron Smith with Defendant "Butler" as original co-authors.

14.    Pandisc Defendants then agreed to pay Plaintiff $5,000 five-thousand dollars each ($10,000) retroactively for their exploitation and use which had occurred between 1989 and 2000.

15.    In May 2000, Pandisc Defendants entered a publishing administration agreement with Plaintiffs and agreed to pay Plaintiffs every six months going forward for their exploitation and administration of the Musical Works which Pandisc Defendants acknowledged were rightly fifty (50%) percent equally collectively co-owned by Plaintiffs.

16.    Since the execution of the May 2000 agreement between Pandisc Defendants and Plaintiffs, Pandisc Defendants have not paid as much as $1 to Plaintiffs for the exploitation of Plaintiffs' Musical Works from June 2000 to the present.

17.    In June 2007, Tony Butler unlawfully transferred copyright ownership of songs

3

co-owned by Plaintiffs to 321 and subsequently entered a lucrative publishing administration agreement in June 2008 with Warner Defendants falsely claiming to be the sole owner of copyrights of said Musical Works.

18.    In July 2009, Warner Defendants, Pandisc Defendants and 321 Defendants were signatories to a MSA in Case No: 09-20505/Moreno/Torres in which Plaintiffs, Garfield Baker and Byron Smith were Intervenors. All parties acknowledged without dispute Intervenors' authorship and copyright ownership of the eleven Musical Works.

19.    In July 2009, Pandisc Defendants agreed in ¶2 of the Mediation Settlement Agreement for Case No. 09-20505-CIV-/MORENO/TORRES that "All prior agreements between Pandisc, WC on one hand and Garfield/Byron are hereby terminated and of no effect". Further, all Defendants agreed in ¶10 of the Mediation Settlement Agreement that The parties shall direct that Warner shall make a distribution of all monies currently held and/or to be collected in the future *in accordance with this agreement*" "The parties agree that any monies paid to Pandisc/Whooping Crane will be paid to 321, Tony, Byron, Garfield, Pandisc and WC" and "If any monies are held by the parties pursuant *to such license*, or if monies are to be paid in the future, they shall be paid as follows;
A. On the Master Recording all monies shall be paid 100% to 321.
B. On the Composition, all monies shall be paid 25% to Tony, 12.5% Garfield, 12.5% to Byron, 18.75% to 321, 24.25% to WC, 3.5% to Garfield, and 3.5% to Byron". The force and constraint of ¶2 and ¶10 of the MSA compels that all Defendants disburse payments among Defendants and to Plaintiffs in accordance with the mutually agreed royalty splits pursuant only to the specific license indicated in the MSA. Plaintiffs' fifty (50%) percent ownership of copyright previously administered by Pandisc pursuant to the 2000 agreement  hereby reverts to Plaintiff. Fifty (50%) percent of the future exploitation and use of the Musical Works co-owned by Plaintiffs since July 23, 2009 for all licenses not specified in the MSA should be entirely, collectively controlled by Plaintiffs. Fifty (50%) percent of all royalties held or collected for such use and licenses by any and all Defendants since July 2009, rightfully belong to Plaintiffs and should be paid forthwith.

20.    Since 2009 to the present, Warner Defendants and Pandisc Defendants

4

continue to license, exploit and collect royalties for songs rightfully owned by Garfield Baker and Byron Smith INCLUDING "Don't Stop the Rock" which was used as a sample in "Muevelo" BMI's number one most performed Latin song of 2008 and the Cadbury Eyebrow dance advertisement, one of the most viewed television advertisement of 2008.

21.    Since the execution of the MSA, neither Warner Defendants nor Pandisc Defendants have paid as much as one (.01) cent to Plaintiffs as per the remedies prescribed in the MSA from July 2009 until the present. I have experience no evidence of a willingness on the part of any of the Defendants to relinquish a payment of as much as one ($1) dollar regarding the money rightfully owed to me unless compelled to do so by a force of action greater than that of their own volition.

EXECUTED this 25ᵗʰ day of June, 2014.

5

I Byron Smith, declare under penalty of perjury that the foregoing is true and correct;

1.      I am over eighteen (18) years of age and make this declaration based upon my personal knowledge.

2.      I am a Broadcast Music Inc. ("BMI") affiliated songwriter and have been since 1985.

3.      Since the age of 18, I've been a professional songwriter and have written and composed various songs as a means of sustaining my livelihood.

4.      In January 1985, I was signed to the record label, Music Specialist which was co-owned by Defendant Tony Butler as a member of a band professionally known as "Freestyle". Plaintiff Garfield Baker was also a member of this same band.

4.      Between 1984 and 1987 I co-wrote and composed eleven (11) particular songs which are the subject of this copyright infringement action in the Southern District of Florida, including "Don't Stop the Rock" and "They're Playing Our Song".

5.      My name appears as a songwriter on the original phonograph record labels and phonograph record sleeves for these eleven Musical Works.

6.      The songs were registered with the United States Copyright Office and with BMI reflecting my authorship between 1985 and 1987 by Jonathan Black acting as the filing agent.

7.      Plaintiff Garfield Baker and Defendant Tony Butler of "321" along with myself are the original co-authors of said Musical Works.

8.      Between 1989 and 1991, Defendant Tony Butler, the principal owner of 321 Music Inc. was at that time the principal owner of C-Tan Music and Captain Productions, both Florida Corporation which was owned and/or controlled by Tony Butler.

9.      Defendant, Butler entered into a co-publishing administration agreement whereby Butler transferred in whole, copyrights of said Musical Works to Pandisc/

Whooping Crane, both Florida corporations which are owned and/or controlled by Robert Crane. This was done without my knowledge, authorization or consent. Further, Defendant Butler had no valid document which transferred or conferred my copyright ownership to him.

10. Defendants, Pandisc/Whooping Crane registered a claim of copyright in 1989 for songs which were co-written and owned by me absent of any valid document which transferred or conferred my copyright ownership to Pandisc/Whooping Crane. Whooping Crane's copyright registration filed in the United States Copyright Office on its face erroneously claims that the songs were originally published in 1989 and that the transfer of copyright claim in whole was granted to Pandisc/Whooping Crane by contract from Tony Butler.

11. Defendants, Pandisc/Whooping Crane went on to exploit these Musical Works and to collect and disburse royalties for the exploitation and administration of such to my exclusion.

12. In May of 2000, I and Garfield Baker confronted Robert Crane at his office in Miami, FL regarding the fact that he had not paid us as much as $1 for the exploitation and administration of our copyright. At that time, Robert Crane advised us that he obtained the rights to our musical works from Butler. Robert Crane was then advised directly by Jonathan Black ("Black") that he "Black" had personally registered the copyright in 1985 in favor of Plaintiffs, Byron smith and Garfield Baker with Defendant "Butler" as original co-authors.

14. Pandisc Defendants then agreed to pay Plaintiff $5,000 five-thousand dollars each ($10,000) retroactively for their exploitation and use which had occurred between 1989 and 2000.

15. In May 2000, Pandisc Defendants entered a publishing administration agreement with Plaintiffs and agreed to pay Plaintiffs every six months going forward for their exploitation and administration of the Musical Works which Pandisc Defendants acknowledged were rightly fifty (50%) percent equally collectively co-owned by Plaintiffs.

16. Since the execution of the May 2000 agreement between Pandisc

Defendants and Plaintiffs, Pandisc Defendants have not paid as much as $1 to Plaintiffs for the exploitation of Plaintiffs' Musical Works from June 2000 to the present.

17.    In June 2007, Tony Butler unlawfully transferred copyright ownership of songs co-owned by Plaintiffs to 321 and subsequently entered a lucrative publishing administration agreement in June 2008 with Warner Defendants falsely claiming to be the sole owner of copyrights of said Musical Works.

18.    In July 2009, Warner Defendants, Pandisc Defendants and 321 Defendants were signatories to a MSA in Case No: 09-20505/Moreno/Torres in which Plaintiffs, Byron Smith and Garfield Baker were Intervenors. All parties acknowledged without dispute Intervenors' authorship and copyright ownership of the eleven Musical Works.

19.    In July 2009, Pandisc Defendants agreed in ¶2 of the Mediation Settlement Agreement for Case No. 09-20505-CIV-/MORENO/TORRES that "All prior agreements between Pandisc, WC on one hand and Garfield/Byron are hereby terminated and of no effect". Further, all Defendants agreed in ¶10 of the Mediation Settlement Agreement that The parties shall direct that Warner shall make a distribution of all monies currently held and/or to be collected in the future *in accordance with this agreement*" "The parties agree that any monies paid to Pandisc/Whooping Crane will be paid to 321, Tony, Byron, Garfield, Pandisc and WC" and "If any monies are held by the parties pursuant *to such license*, or if monies are to be paid in the future, they shall be paid as follows;
A. On the Master Recording all monies shall be paid 100% to 321.
B. On the Composition, all monies shall be paid 25% to Tony, 12.5% Garfield, 12.5% to Byron, 18.75% to 321, 24.25% to WC, 3.5% to Garfield, and 3.5% to Byron". The force and constraint of ¶2 and ¶10 of the MSA compels that all Defendants disburse payments among Defendants and to Plaintiffs in accordance with the mutually agreed royalty splits pursuant only to the specific license indicated in the MSA. Plaintiffs' fifty (50%) percent ownership of copyright previously administered by Pandisc pursuant to the 2000 agreement  hereby reverts to Plaintiff. Fifty (50%) percent of the future exploitation and use of the Musical Works co-owned by Plaintiffs since July 23, 2009 for all licenses not specified in the MSA should be entirely, collectively controlled by Plaintiffs. Fifty (50%)

percent of all royalties held or collected for such use and licenses by any and all Defendants since July 2009, rightfully belong to Plaintiffs and should be paid forthwith.

20.     Since 2009 to the present, Warner Defendants and Pandisc Defendants continue to license, exploit and collect royalties for songs rightfully owned by Byron Smith and Garfield Baker INCLUDING "Don't Stop the Rock" which was used as a sample in "Muevelo" BMI's number one most performed Latin song of 2008 and the Cadbury Eyebrow dance advertisement, one of the most viewed television advertisement of 2008.

21.     Since the execution of the MSA, neither Warner Defendants nor Pandisc Defendants have paid as much as one (.01) cent to Plaintiffs as per the remedies prescribed in the MSA from July 2009 until the present. I have experience no evidence of a willingness on the part of any of the Defendants to relinquish a payment of as much as one ($1) dollar regarding the money rightfully owed to me unless compelled to do so by a force of action greater than that of their own volition.

EXECUTED this 25 day of June , 2014.

9