UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-cv-22403-LENARD/GOODMAN

GARFIELD BAKER, *et al.*,

    Plaintiffs,
v.

WARNER/CHAPPELL MUSIC, INC.,
*et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO QUASH SERVICE

This Cause is before the Undersigned on the District Court's referral [ECF No. 9] of Defendant Robert Crane's ("Crane") Motion to Quash Service of Process [ECF No. 6] and Defendants Pandisc Music Corporation ("Pandisc") and Whooping Crane Music, Inc.'s ("WCM," and, together with Crane and Pandisc, the "Defendants") Motion to Quash Service [ECF No. 7]. The Undersigned has reviewed both motions, the Plaintiffs' "Motion to Dismiss Motion to Quash Service of Process" [ECF No. 12], construed by the District Court as a response in opposition to the motions to quash service [ECF No. 19], Defendants' reply briefs in support of the motions to quash service [ECF Nos. 27; 28], and all other pertinent portions of the record. For the reasons outlined below, the

1

motions to quash service are **GRANTED,** with leave for Plaintiffs to serve the Defendants in the manner provided by law.[1]

I.  BACKGROUND

Plaintiffs filed their complaint, alleging copyright infringement and other claims, against ten separate defendants, on June 27, 2014. [ECF No. 1]. A Proof of Service was filed for each of the three Defendants at issue here on July 25, 2014. [ECF Nos. 16; 17; 18]. According to each Proof of Service, the process server served the summons on "Rafael Rodriguez / mg. UPS Store." [*Id.*]. Also according to the Proofs of Service, Rodriguez is "designated by law to accept service of process" on behalf of each of the Defendants. [*Id.*]. In addition, on each Proof of Service, the process server noted that "Service was made at 247 S.W. 8th St. #349, Miami, FL 33130– Pursuant to Fla. Statute 48.031(6) after confirming the Defendant maintains a mailbox at this location." [*Id.*]. This is the location of a UPS store (the "UPS Store") where the Defendants each maintain a private mailbox.

The Defendants have moved to quash service of the Complaint under Federal Rule of Civil Procedure 12(b)(5). [ECF Nos. 6; 7]. Pandisc and WCM argue that service was improper because, although they each maintain a private mailbox at the UPS Store, a diligent search of public Miami-Dade property records would have revealed Crane's

---

[1] The Undersigned is issuing an order rather than a report and recommendations because quashing service is not case-dispositive, and Plaintiffs are being granted the opportunity to effect service in accordance with applicable law. *See, e.g.*, *Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, No. 07-22223-CIV, 2008 WL 516996 (S.D. Fla. Feb. 23, 2008).

2

personal address. [ECF No. 7, p. 2]. Crane is the president and registered agent of both WCM and Pandisc. [*Id.* at 2]. Defendant Crane argues that the UPS Store is neither his dwelling nor his usual place of abode, and that Rodriguez, the UPS Store employee that accepted service, is not an agent authorized to receive service on his behalf.

II.   ANALYSIS

A.  THE MOTIONS TO QUASH SERVICE ON WCM AND PANDISC

Both WCM and Pandisc are corporations. Federal Rule of Civil Procedure 4(h) governs service of process on a corporation. Under Rule 4(h)(1)(B), a corporation may be served by serving any agent authorized by law or appointment to receive service of process, including an officer, or a managing/general agent of the corporation. In addition, a corporation may be served in the manner prescribed by Rule 4(e)(1), which governs, in part, service of process for an individual. Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e)(1), service of process may be effected using any method available under the laws of the state where the federal judicial district in which the complaint was filed is found.

Under Florida statute, process against a private corporation may be served on an enumerated hierarchy of corporate officials and employees or by serving a corporation's registered agent. Fla. Stat. § 48.081. Every Florida corporation (or foreign corporation qualified to transact business in Florida) must designate a registered agent and registered office that can accept service of process, and that office must be open

from 10 a.m. until noon each day except Saturdays, Sundays, and legal holidays. Fla. Stat. § 48.091. If a corporation fails to comply with section 48.091, then service of process may be effected on any employee of the corporation at its principal place of business, or any employee of the registered agent. Fla. Stat. § 48.081(3)(a). Finally, if the address provided for the registered agent is a private mailbox, then service may be effected pursuant to Florida Statute 48.031, which governs service of process generally. Fla. Stat. § 48.081(3)(b). That statute provides, in part, that "[i]f the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location." Fla. Stat. § 48.031(6).

Both the proofs of service in this case and Plaintiffs' response in opposition to the motions to quash contend that service was proper under Florida Statute 48.031(6). [ECF Nos. 12; 16; 17; 18]. Plaintiffs agree that Robert Crane, the president and registered agent of both WCM and Pandisc, has an address listed in public records other than the UPS Store where Crane, WCM, and Pandisc maintain a private mailbox, namely two condominiums, one in Miami Beach and one in Miami. [ECF No. 12, p. 5]. However, Plaintiffs contend that they "are not required by law to serve Pandisc, [WCM] or Robert Crane as registered agent at Robert Crane's personal dwelling in that Robert Crane's home address is not listed on public record of the Florida Department of State Division

of Corporations as an alternative address for Defendants [WCM] and Pandisc or Robert Crane as Registered Agent." [ECF No. 12. at 6].

However, as WCM and Pandisc note in their reply, Plaintiffs have not cited any case law for this proposition. Where, in a case like this, service of process is challenged, the "party on whose behalf service is made has the burden of establishing its validity." *Andujar v. All Coast Transporters, Inc.*, 12-62091-CIV, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013). Plaintiffs have not met that burden here, and, in fact, case law supports the opposite conclusion.

As Defendants note, another Judge in this District found that the requirements of substitute service were met where the verified return of service actually stated that the private mailbox address for the listed registered agent **was** the *only* address for that person listed in public records, and the process server verified that the registered agent did in fact maintain a mailbox at that location. *Altamirano v. Le Kabob, LLC*, 12-CV-21335, 2013 WL 359730 (S.D. Fla. Jan. 11, 2013) *report and recommendation adopted*, 12-CV-21335, 2013 WL 357822 (S.D. Fla. Jan. 29, 2013) (J. Lenard). The conclusion in that case - - that substituted service on a corporation through a private mailbox was proper because all the statutory requirements were met - - is inapplicable here, of course, because no such representation was made in the proofs of service, nor could it be if Defendants' contentions about Crane's residences are correct.

Florida case law makes it clear that delivery of process to a person in charge of a private mailbox is invalid unless the plaintiff can show:

> (1) that the address of record of the corporation's officers, directors, registered agent and principal place of business was a private mailbox, (2) **that the only address discoverable through public records for the corporation, its officers, directors, or registered agent was a private mailbox**, and (3) that the process server properly determined that the corporation, or its officer, director, or registered agent maintains a mailbox at that location prior to serving the person in charge.

*TID Servs., Inc. v. Dass*, 65 So. 3d 1, 7 (Fla. 2nd DCA 2010) (internal quotation omitted) (emphasis added) (finding that service of process via substitute service was *inadequate* when Plaintiff failed to demonstrate compliance with the second requirement and explaining that the statute does not "give claimants carte blanche to make service of process on corporations at private mailboxes" and emphasizing that "delivery of process to a person in charge of a private mailbox will be invalid unless the claimant can establish strict compliance with the statutory requirements").

The proofs of service in this case for WCM and Pandisc state that service was effected pursuant to FL. Stat. § 48.031(6) "after confirming Defendant maintains a mailbox at this location." [ECF Nos. 16; 17]. Conspicuously absent from this language is any reference to whether the process server confirmed that this was the only address for Robert Crane, the president and registered agent of both WCM and Pandisc, in the public records.

6

It is clear from the statute and interpreting case law that substitute service on a UPS Store employee is only proper if there is no other address discoverable through public records where the registered agent can be found. In light of this, and in light of Plaintiffs' own admission that there *are* other addresses for Robert Crane (WCM and Pandisc's registered agent) discoverable through public records, it is equally clear that Plaintiffs failed to properly effect service of process on WCM and Pandisc. *See TID Servs., Inc.*, 65 So. 3d at 7. For these reasons, WCM and Pandisc's Motion to Quash [ECF No. 7] is **GRANTED,** with leave for Plaintiffs to serve the Defendants in the manner provided by law.

### B. THE MOTION TO QUASH SERVICE ON CRANE

The Undersigned also respectfully recommends that the Motion to Quash Service on Crane should be granted. Robert Crane is an individual, and so the pertinent procedure governing effective service of process is outlined by Federal Rule of Civil Procedure 4(e). Under Rule 4(e), an individual may be served: (1) in accordance with state law for the state in which the federal court sits; (2) by delivering a copy of the summons and complaint to the individual personally; (3) by leaving a copy of the summons and complaint at the individual's usual place of abode with someone of suitable age and discretion who resides there; or (4) by delivering a copy of the

summons and complaint to an agent authorized by appointment or law to receive service of process. Here, just as with WCM and Pandisc, the summons and complaint for Crane were left with an employee at the UPS Store where Crane maintains a private mailbox. As noted above, the process server stated in the proof of service that service was made at the UPS Store pursuant to the substitute service statute after confirming Crane maintains a private mailbox at the location. [ECF No. 18, p. 1].

However, as also noted above, in order to take advantage of Florida's substitute service through a private mailbox statute, the plaintiff must show that "the only address for a person to be served, which is discoverable through public records" is the private mailbox. Fla. Stat. § 48.031(6). Here, Plaintiffs admit there are two other addresses in the public record associated with Crane. [ECF No. 12, p. 5]. As such, Plaintiffs clearly cannot take advantage of Florida's substitute service statute.

In opposition to the Motion to Quash, Plaintiffs cite a Florida statute governing service of process on an individual operating a sole proprietorship, Florida Statute § 48.031(2)(b). [*Id.* at 6]. However, at issue here is service of process on Crane as an individually-named defendant, not as the owner of any business. In addition, the two businesses at issue here, WCM and Pandisc, are quite clearly corporations, not sole proprietorships. As noted above, service of process on corporations is governed by Florida Statute § 48.081, not by Florida Statute § 48.031(2)(b). Therefore, Crane's Motion

8

to Quash [ECF No. 6] is **GRANTED,** with leave for Plaintiffs to serve the Defendants in the manner provided by law.

**DONE AND ORDERED** in Chambers, in Miami, Florida, this 9th day of September, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record

Garfield Baker
1604 NE 20th Ave.
Ft. Lauderdale, FL 33305
PRO SE

Byron Smith
4110 NW 190th Street
Miami, FL 33055
PRO SE