UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-cv-22403-LENARD/GOODMAN

GARFIELD BAKER, *et al.*,

    Plaintiffs,

v.

WARNER/CHAPPELL MUSIC, INC., *et al.*,

    Defendants.

_____/

## ORDER VACATING CLERK'S ENTRY OF DEFAULT AS TO COUNTDOWN MUSIC AND DENYING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT

This Cause is before the Undersigned on the District Court's referral [ECF No. 84] of Defendant Countdown Music Group's ("Countdown Music") Motion to Vacate the Clerk's Entry of Default (titled "Response to the Court's November 5, 2014 Order") [ECF No. 82] and Plaintiffs' Motion for Entry of Default Judgment against Countdown Music [ECF No. 83]. After review of the filings, as well as Countdown Music's Opposition to Plaintiffs' Motion [ECF No. 85], the Undersigned **grants** Countdown Music's Motion to Vacate the Default and **denies** Plaintiffs' Motion for Entry of Final

1

Default Judgment.[1] The Clerk's Office is directed to vacate the default [ECF No. 79] entered against Countdown Music.

**I. BACKGROUND**

Plaintiffs filed their Complaint, alleging copyright infringement and other claims against ten separate defendants, including Countdown Music, on June 27, 2014. [ECF No. 1]. According to the Complaint, Defendant Tony Butler is the primary owner/operator of Countdown Music. [*Id.*, at p. 4]. Plaintiffs allege that they, along with Butler, wrote certain musical compositions, including "Don't Stop the Rock." [*Id.*]. Plaintiffs further allege that Butler, as well as Defendants Countdown Music and 321 Entertainment Inc., improperly re-registered copyrights to those works, transferred the rights to 321 Entertainment Inc., and then entered into lucrative publishing agreements with certain other Defendants, including Warner/Chappell Music. [*Id.*].

A proof of service was filed for Countdown Music on December 4, 2014. [ECF No. 74, p. 4]. The caption of both that proof of service and the Complaint indicate that Countdown Music is a London Corporation, not a Florida entity. However, Countdown Music states that it is a dissolved Florida entity, as evidenced by Florida Secretary of State records. [ECF No. 82, pp. 5-6]. According to the proof of service, Countdown

---

[1] Upon referral by a district court, a magistrate judge has authority to enter an order denying a motion for default judgment. 28 U.S.C. § 636(b)(1); *see also Franklin v. Parnell*, 461 F. App'x 823, 825 (11th Cir. 2011) (citing 28 U.S.C. § 636(b)(1) and noting that the "magistrate judge had authority to deny Franklin's motion for default judgment." *See* 28 U.S.C. § 636(b)(1)(A)).

Music was served by serving Tony Butler's wife, Rose Obulter, who was found at Mr. Butler's last known address, 4331 Dogwood Circle, Weston, FL 33331. [*Id.*]. As referenced, Mr. Butler is the primary owner/operator of Countdown Music, but it does not appear that Ms. Obulter has any relation to Countdown Music.

Countdown Music did not timely respond to the Complaint, and on December 30, 2014, Plaintiffs moved for a Clerk's Entry of Default. [ECF No. 77]. The Clerk entered that default on December 31, 2014. [ECF No. 79]. The District Court then entered an Order directing Plaintiffs to move for entry of a final default judgment against Countdown Music on or before January 12, 2015. [ECF No. 80]. Before Plaintiffs filed such a motion, Countdown Music filed a motion to vacate the clerk's entry of default, titled as "Response by Countdown Music Group, Inc. to the Court's November 5, 2014 Order." [ECF No. 82]. Then, on January 12, 2015, Plaintiffs moved for entry of a final default judgment as to Countdown Music. [ECF No. 83]. Countdown Music filed a response in opposition to that Motion. [ECF No. 85]. By that document, Countdown Music argues that once it is properly served, it will adopt the pending Motion to Dismiss filed by Defendant Tony Butler [ECF No. 26].

## II. ANALYSIS

In its "Response to the Court's November 5, 2014 Order," Countdown Music makes much of the fact that the Complaint's caption reads "Countdown Music, a London Corporation." [ECF No. 82]. In Countdown Music's view, Countdown Music

3

Case 1:14-cv-22403-JG   Document 87   Entered on FLSD Docket 04/06/2015   Page 4 of 7

Group, Inc., a Florida Company, is not a party to this case, and there is "no basis" for it "to be on notice that it is a Defendant in this case and hence, no reason for it to respond to the Complaint." [*Id.*, at p. 3].

To be sure, the body of the Complaint simply refers to Countdown Music, Inc., as a company primarily owned and operated by Defendant Tony Butler. [ECF No. 1, p. 4]. The Complaint's body does not specify whether Countdown Music is a Florida or London corporation. However, Countdown Music's position is at least arguably disingenuous, as Defendant Tony Butler, the alleged primary owner/operator of Countdown Music, is well aware that this lawsuit is pending. In fact, as referenced, he has filed a Motion to Dismiss the case, notwithstanding the fact that he argued in a separate document filed with the Court on the same day that he was also not properly served with the Complaint. [ECF Nos. 25; 26].

This issue aside, because Countdown Music is a dissolved Florida corporation, service of process is governed by Florida Statute § 48.101. That statute states that service on a dissolved Florida corporation is effective if made in accordance with another Florida Statute, § 48.081 -- the general statute governing service of process on a corporation. Section 48.081 provides that process against a private corporation may be served on an enumerated hierarchy of corporate officials and employees or by serving a corporation's registered agent.  Fla. Stat. § 48.081.

4

As Countdown Music notes, service upon the wife of a corporate shareholder or corporate executive is not a valid form of service under the statute. In addition, even if it were, any default entered by the Court would be against the defendant specified in the Complaint, "Countdown Music, a London Corporation," not the dissolved Florida entity.

Federal Rule of Civil Procedure 55(a) states that the clerk shall enter a party's default if the party fails to plead or otherwise defend an action brought against it, and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Pursuant to Federal Rule of Civil Procedure 55(c), however, the Court "may set aside an entry of default for **good cause** . . . ." Fed. R. Civ. P. 55(c) (emphasis added). The Court is vested with considerable discretion in ruling on a motion to set aside an entry of default, and the Court's decision will only be reviewed for abuse of discretion. *Robinson v. US*, 734 F.2d 735, 739 (11th Cir.1984); *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975). This is because it is well-established that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *accord In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

"Good cause" is a mutable standard that varies depending on the situation. *See Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)).

5

Nonetheless, the standard is "a liberal one -- but not so elastic as to be devoid of substance." *Id.*, 88 F.3d at 951. To obtain relief under Rule 55(c), the movant must only make a "bare minimum showing" to support its claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

In determining whether good cause exists, courts may consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary[;] (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x. 939, 945 (11th Cir. 2011) (internal quotations and citations omitted).

Here, there is no need to evaluate Countdown Music's default even on this lenient standard, because the default should not have been entered in the first place. As described above, Countdown Music was *not* served properly. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys.*, 328 F.3d 1291, 1299 (11th Cir. 2003). In any event, the default was not culpable or willful, there is no prejudice to Plaintiffs where the default was entered wrongly, and Defendant Countdown Music has acted promptly to correct the default, by filing the instant Motion.

Countdown Music's Motion is **granted** -- the Clerk of the Court is directed to vacate the default [ECF No. 79] entered against Countdown Music. It necessarily follows that Plaintiffs' Motion for Final Default Judgment [ECF No. 83] is **denied**.

**DONE** and **ORDERED**, in Chambers, in Miami, Florida, this 6th day of April, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record

Garfield Baker
1604 NE 20th Ave.
Ft. Lauderdale, FL 33305
PRO SE

Byron Smith
4110 NW 190th Street
Miami, FL 33055
PRO SE